## MUNSEY *v.* CLOUGH.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW HAMPSHIRE.

No. 126. Argued January 13, 1905.—Decided January 30, 1905.

Proceedings in interstate rendition are summary; strict common law evidence is not necessary, and the person demanded has no constitutional right to a hearing. The governor's warrant for removal is sufficient until the presumption of its legality is overthrown by contrary proof in a legal proceeding to review his action.

The indictment found in the demanding State will not be presumed to be void on *habeas corpus* proceedings in the State in which the demand is made if it substantially charges an offense for which the person demanded may be returned for trial.

Where there is no doubt that the person demanded was not in the demanding State when the crime was committed and the demand is made on the ground of constructive presence only he will be discharged on *habeas corpus,* but he will not be discharged when there is merely contradictory evidence as to his presence or absence, for *habeas corpus* is not the proper proceeding to try the question of alibi or any question as to the guilt or innocence of the accused.

THE facts are stated in the opinion.

*Mr. Edward A. Lane* for plaintiff in error:

The record fails to show this relator a fugitive from justice as to all of the several crimes with which she was charged, hence the rendition warrant was illegally issued. A person cannot be a fugitive from justice when not personally present in the State where the offense is alleged to be committed. *North Carolina* v. *Hall,* 28 L. R. A. 289, and cases cited; *People* v. *Hyatt,* 172 N. Y. 176.

As Massachusetts failed to show relator to be a fugitive from justice as to the three offenses alleged to be committed by her, it is not entitled to ask New Hampshire to comply with its demand that it be allowed to take relator there to try her for said three offenses. A demand that relator be surrendered to be tried and punished for three offenses is not a demand that she be surrendered to be tried and punished for two.

In this case Massachusetts is not seeking to extradite this relator for the alleged commission of two crimes as to which she may be a fugitive from justice, but is also seeking in this proceeding to extradite her for a crime as to which it is admitted she is not such fugitive, and hence cannot be extradited. *Lascelles* v. *Georgia,* 148 U. S. 537; *Commonwealth* v. *Wright,* 158 Massachusetts, 149. Interstate rendition does not depend on comity between the States but on the provisions of cl. 2, § 4, Art. IV of the Constitution.

The evidence contained in the requisition papers did not authorize a finding by the governor that the relator was a fugitive from justice as to any one of the three crimes charged against her, consequently the rendition warrant was illegally issued. *Ex parte Reggel,* 114 U. S. 642, distinguished. As to two of the offenses the statute of limitations had run and concealment of the crime does not prevent the running of the statute. *State* v. *Nute,* 63 N. H. 80.

The so-called *copy* of an affidavit which accompanied the requisition papers was incompetent evidence to be considered

by the governor on the question whether relator was a fugitive from justice.

If a foreign affidavit was admissible evidence it should have been produced, as it was the best evidence. Even then the original affidavit on file would not constitute such a judicial proceeding, or any part of such a judicial proceeding, nor such part of the record of the court as is contemplated by § 1, Art. IV, of the Constitution. *Baltimore &c. Ry. Co.* v. *Trustee &c.*, 91 U. S. 127, 130; *Roanoke Land &c. Co.* v. *Hickson,* 80 Virginia, 589; *D'Arcy* v. *Ketchum,* 11 How. 165; *Gibson* v. *Tilton,* 17 Am. Dec. 306.

The copy of the indictment was not competent evidence to show that the person indicted was within the State. Rev. Stat. § 5278; *Ex parte Swearingen,* 13 S. Car. 74, 79; *Re John Leary,* 10 Benedict, 197, distinguished, and see *Re Jackson,* 2 Flippen, 183; *People* v. *Hyatt,* 172 N. Y. 176, 189; *Ex parte Reggel,* 114 U. S. 651; *Roberts* v. *Reilly,* 116 U. S. 80, distinguished.

No citizen should be arrested and exiled from a State on evidence which does not carry with it in such State the penal consequences of false swearing.

The refusal of the governor to hear the relator at the time and under the circumstances in which she appeared before him, was not "due process of law" and deprived her of her legal rights. Spear on Extradition, 340; Anderson's Dictionary of Law under "Habeas Corpus"; *State* v. *Clough,* 71 N. H. 594; *In re Cook,* 49 Fed. Rep. 833; *Hovey* v. *Elliott,* 167 U. S. 409; *Roller* v. *Holly,* 176 U. S. 398, 409.

Under the organic and statutory law of the United States the relator was illegally restrained of her liberty and the rendering of judgment against her violated her constitutional rights. § 1, ch. 263, Pub. Stat. N. H.

The constitutional principles applicable to the preservation of personal liberty should be at least as strenuously applied when there is occasion therefor, as in the case of right to property. *East Kingston* v. *Darius Towle,* 48 N. H. 57; Opinion

of the Justices, 66 N. H. 629; *Carter* v. *Colby,* 71 N. H. 230; *State* v. *Jackman,* 69 N. H. 318, 330.

Mr. *Edwin G. Eastman* and Mr. *George A. Sanderson* for defendant in error, submitted:

At common law the time of the commission of an offense need not be proved as alleged. *Ledbetter* v. *United States,* 170 U. S. 606; *Commonwealth* v. *Sego,* 125 Massachusetts, 210; *Commonwealth* v. *Brown,* 167 Massachusetts, 144. This rule of law as to time should have the same application in requisition proceedings as in the trial of the case. Rev. Laws, Mass., ch. 218, § 20. The evidence submitted to the governor of New Hampshire, taken as a whole, should be construed to mean that the defendant fled from Massachusetts after the commission of the last offense charged in the indictment.

It is sufficient to justify the extradition of the plaintiff in error if it appears that she is a fugitive from the State asking her return as to one crime committed in the State. *Lascelles* v. *Georgia,* 148 U. S. 537; *Commonwealth* v. *Wright,* 158 Massachusetts, 149. If the indictment upon which this proceeding is based had contained only the first count, but it appeared that another indictment containing the other counts was pending in the same court, that fact would not prevent the rendition of the prisoner. The governor was justified in finding that she was a fugitive with reference to the first two counts in the indictment. On that question the relator is entitled to submit evidence and be heard, and the justice before whom the *habeas corpus* proceedings were returned may review the action of the governor in this respect. The governor's finding that the relator is a fugitive is not conclusive upon the court on *habeas corpus.* Church, Habeas Corpus, § 474a; 2 Moore Extradition, § 640; Spear Extradition, 391; *Hartman* v. *Aveline,* 63 Indiana, 344; *Jones* v. *Leonard,* 50 Iowa, 106; *In re Mohr,* 73 Alabama, 503.

An indictment is sufficient for the purpose of extradition proceedings when it is framed in accordance with the technical

rules of pleading of the State within which it is found, and where the offense was committed. 8 Ency. of Pl. and Pr. 816; *Commonwealth* v. *Hills,* 10 Cush. 530; *Commonwealth* v. *Costello,* 120 Massachusetts, 358; *Carlton* v. *Commonwealth,.* 5 Met. 532; *Commonwealth* v. *Jacobs,* 152 Massachusetts, 276; *Benson* v. *Commonwealth,* 158 Massachusetts, 164.

There is no prescribed form in which the evidence on rendition proceedings must be submitted and in this case it was sufficient. Rev. Stat. § 5278; *State* v. *Clough,* 71 N. H. 594.

When a proper warrant has been issued the burden of showing that the prisoner has not fled or is not a fugitive from justice rests upon the prisoner in *habeas corpus* proceedings. *State* v. *Justus,* 24 Minnesota, 237. As to who is a fugitive, see *Roberts* v. *Reilly,* 116 U. S. 80; *Matter of Voorhees,* 32 N. J. L. 141; *Ex parte Reggel,* 114 U. S. 642.

The governor in determining the question as to whether the defendant is a fugitive from justice may receive evidence that fails to meet the requirements of legal proof if he deems it advisable. The policy of Congress and the legislature is to permit the chief magistrate to determine the question upon such proof as seems to him worthy of credit. *State* v. *Clough,* 71 N. H. 594; *Roberts* v. *Reilly,* 116 U. S. 80; *In re Cook,* 49 Fed. Rep. 833.

On the indictment, the statement of the district attorney and the request of the governor of Massachusetts, the governor of New Hampshire would have been justified in finding that the relator was a fugitive from justice and in ordering her return.

MR. JUSTICE PECKHAM delivered the opinion of the court.

This was a proceeding on *habeas corpus* in a state court of New Hampshire to obtain the discharge of the plaintiff in error from arrest under a warrant given by the governor of that State, directing the return of the plaintiff in error to the Commonwealth of Massachusetts, as a fugitive from justice.

Upon the hearing the state court refused to discharge the plaintiff in error, the order of refusal was affirmed by the Supreme Court, and she has brought the case here for review. (On a former proceeding in Supreme Court, see 71 N. H. 594.)

The proceedings before the governor of New Hampshire to obtain the warrant of arrest were taken under section 5278 of the Revised Statutes of the United States, reënacting the statute approved February 12, 1793, 1 Stat. 302; 3 U. S. Comp. Stat. 3597, relating to the arrest of persons as fugitives from justice, under clause 2 of section 2 of Article IV of the Constitution of the United States.

The papers before the governor of New Hampshire consisted of a copy of an indictment of the plaintiff in error, found in Massachusetts on the second Monday of February, 1902; it contained three counts, and charged the plaintiff in error with uttering and publishing as true a certain forged instrument, purporting to be a will, well knowing the same to be forged. The first count alleged that the crime was committed on the twenty-eighth of February, 1895, at Cambridge, in the county of Middlesex, in the Commonwealth of Massachusetts; and it also alleged that since the commission of the offense the plaintiff had not been usually or publicly a resident in that Commonwealth.

The second count averred the uttering, etc., to have been on the seventeenth day of May, in the year 1895, in the same place, and the indictment had the same averment as to the non-residence of the plaintiff in error as contained in the first count.

The third count averred the uttering at the same place as that named in the other two counts, but laid the date as the twentieth day of November, 1901. There was also before the governor of New Hampshire an application, dated the twenty-sixth of February, 1902, signed by George A. Sanderson, district attorney for the Northern District of Middlesex, to the governor of Massachusetts, requesting a requisition from him upon the governor of New Hampshire for the extradition of

the plaintiff in error, who, as stated in the application, stood charged by indictment with the crime of uttering forged wills, committed in the county of Middlesex (on the days stated in the indictment), and who, to avoid prosecution, had fled from the jurisdiction of the Commonwealth and was a fugitive from justice, and was within the jurisdiction of the State of New Hampshire. It was also stated in the application that the indictment was not found by the grand jury until the February sitting of the Superior Court in the year 1902. There was also before the governor of New Hampshire a copy of what purported to be an affidavit of one Whitney, the original of which was used before the governor of Massachusetts, to obtain the requisition. It is short, and is as follows:

"Commonwealth of Massachusetts, ⎱ ss:
            Middlesex.              ⎰

"I, Jophanus H. Whitney, of Medford, in the county of Middlesex and said Commonwealth, on oath depose and say that Martha S. Munsey, who stands charged by indictment with the crime of uttering forged wills, as is more fully set forth in the papers hereto annexed, has fled from the limits of said Commonwealth and is a fugitive from justice. And I further depose that at the time of the commission of said crime she was in the State of Massachusetts, in the county of Middlesex of said Commonwealth, and that at the same time and previous thereto she was a resident of Cambridge in the said county of Middlesex; that she fled from said Commonwealth of Massachusetts on or about the fourth day of November, A. D. 1901; that she is not now within the limits of the Commonwealth, but, as I have reason to believe, is now in Pittsfield, in the State of New Hampshire. The grounds of my knowledge are that I have interviewed her since the fourth of November last in Pittsfield, New Hampshire, where she was living with her husband during the last week January last.

                        "JOPHANUS H. WHITNEY."

There was also a certificate of the district attorney for the

Northern District of Middlesex, that the offense charged against the plaintiff in error is a felony within that Commonwealth, and that application for the arrest and return of the fugitive had not been sooner made because the indictment was not found by the grand jury until February, 1902.

The governor of the Commonwealth of Massachusetts having given the requisition applied for, the papers above mentioned were presented to the governor of New Hampshire, and a request made that he should issue his warrant of arrest to take the plaintiff in error back to the Commonwealth of Massachusetts, as a fugitive from justice, and for the purpose of being tried on the indictment referred to. The counsel for the plaintiff in error appeared before the governor and stated they desired a hearing before him before the warrant of arrest should be granted. This hearing was refused, and the governor then granted the warrant for the arrest and return of the plaintiff in error to the Commonwealth of Massachusetts as a fugitive from justice. In that warrant it was provided that the plaintiff in error should be afforded an opportunity to sue out a writ of *habeas corpus* before being delivered over to the authorities of Massachusetts. She availed herself of that right and sued out such writ, and upon its return the plaintiff in error made several objections to the execution of the governor's warrant, and alleged the insufficiency of the papers to authorize the granting of the same. At the close of the hearing the counsel for plaintiff in error moved that she be discharged for the reasons stated in the motion; the motion was denied, subject to the objection and exception of the plaintiff in error. The record then shows the following:

"The court thereupon ordered that the relator proceed to introduce evidence upon the question whether she was in fact a fugitive from justice. This the relator's counsel declined to do, upon the ground that such action, on their part, would constitute a waiver of their right to object to the refusal of the governor to grant a hearing upon this question of fact.

"The court then directed that the counsel for the relator

state whether the relator waived the right to then, or at any future time, introduce further evidence upon this, or any question of fact, and counsel for relator declared that she did waive that right.

"No evidence was offered by the relator either upon the question whether the relator was a fugitive from justice, or upon any other question of fact, other than as above stated."

The question of the legality of the detention of the plaintiff in error is thus brought before the court. The proceedings in matters of this kind before the governor are summary in their nature. The questions before the governor, under the section of the Revised Statutes, above cited, are whether the person demanded has been substantially charged with a crime, and whether he is a fugitive from justice. The first is a question of law and the latter is a question of fact, which the governor, upon whom the demand is made, must decide upon such evidence as is satisfactory to him. Strict common law evidence is not necessary. The statute does not provide for the particular kind of evidence to be produced before him, nor how it shall be authenticated, but it must at least be evidence which is satisfactory to the mind of the governor. *Roberts* v. *Reilly*, 116 U. S. 80, 95. The person demanded has no constitutional right to be heard before the governor on either question, and the statute provides for none. To hold otherwise would in many cases render the constitutional provision, as well as the statute passed to carry it out, wholly useless. The governor, therefore, committed no error in refusing a hearing. The issuing of the warrant by him, with or without a recital therein that the person demanded is a fugitive from justice, must be regarded as sufficient to justify the removal, until the presumption in favor of the legality and regularity of the warrant is overthrown by contrary proof in a legal proceeding to review the action of the governor. *Roberts* v. *Reilly, supra; Hyatt* v. *Cockran*, 188 U. S. 691.

After the decision of the governor and the issuing of the warrant the plaintiff in error sued out this writ of *habeas corpus*

for the purpose of reviewing his action. The position taken by the plaintiff in error upon the hearing on the return of the writ in refusing to introduce evidence upon the question whether she was in fact a fugitive from justice left the case for decision upon the papers before the governor upon which he acted in issuing the warrant of arrest. We have no doubt that a *prima facie* case was made out, and as the plaintiff in error waived any right to give further evidence, she is concluded by that *prima facie* case. The indictment undoubtedly set forth a substantial charge against the plaintiff in error, and the facts therein set forth constituted a felony in the Commonwealth of Massachusetts, as certified by the district attorney. The sufficiency of the indictment, as a matter of technical pleading, will not be inquired into on *habeas corpus. Ex parte Reggel,* 114 U. S. 642; *Pearce v. Texas,* 155 U. S. 311; *Ex parte Hart,* 59 Fed. Rep. 894.

If the indictment be for three distinct offenses (although of the same nature) set out in the three different counts, as is argued by plaintiff in error, it will not be presumed that such an indictment is void under the laws of Massachusetts, and the question of procedure under the indictment is one for the courts of the State where it was found. The courts of that State would undoubtedly protect her in the enjoyment of all her constitutional rights. These are matters for the trial court of the demanding State, and are not to be inquired of on this writ. If it appear that the indictment substantially charges an offense for which the person may be returned to the State for trial, it is enough for this proceeding.

Upon the question of fact, whether the plaintiff was a fugitive from justice, her counsel, in the argument before this court, set up several objections of a technical nature, which, he argued, showed that the plaintiff in error was not present in Massachusetts at the time when one of the crimes, at least, was alleged to have been committed. As the indictment sets up in the first two counts that the plaintiff in error had not been usually or publicly a resident of Massachusetts at any

time since the commission of the offense set forth in those counts,-it-is argued that the indictment shows that she was not present in the State at the time when the third count charges a crime to. have been committed, and the Whitney affidavit.shows she fled from the State before the alleged commission of the crime set forth in the third count. There is no impossibility in the plaintiff in error having returned and been present in the State at the time of the alleged commission of the offense set forth in the third count, even though she had not been "usually or publicly a resident of that State" since the .time when it is alleged that she committed the offenses set forth in the first two counts, and had fled therefrom before the commission of the last offense set forth in the third count. The affidavit of Mr. Whitney is to the effect that at the time of the commission of the crimes she was in the State of Massachusetts, and that at the same time and previous thereto she was a resident of Cambridge, in the county of Middlesex. Whether she was a resident or not is not important, as to the third count, if she were present in the State and committed the crime therein. The statement in the affidavit that she fled on *or about*.the fourth day of November, 1901, while the third count of the indictment avers the commission of the crime on the. twentieth of November of that year, is sufficiently exact, considering the facts in the case, as the affiant states, that she was in the Commonwealth at the time of the commission of the crime. Reasonably construed, the affidavit of Whitney shows the presence of the plaintiff in error in the State, and is sufficient, unexplained and uncontradicted for that purpose.

When it is conceded, or when it is so conclusively proved, that no question can be made that the person was not within the demanding State when the crime is said to have .been committed, and his arrest is sought on the ground only of a constructive. presence at that time, in .the demanding State, then the court.will discharge the defendant. *Hyatt* v. *Cockran*, 188 U. S. 691, affirming the judgment of the New York Court

of Appeals, 172 N. Y. 176. But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the State, as *habeas corpus* is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused. As a *prima facie* case existed for the return of the plaintiff in error, and she refused to give any evidence upon the return of the writ which she had herself sued out, other than the papers before the governor, no case was made out for her discharge, and the judgment of the Supreme Court of New Hampshire refusing to grant it must, therefore, be

*Affirmed.*