**UNITED STATES ex rel. AUSTIN v. WILLIAMS, Sheriff, et al.**

(Circuit Court of Appeals, Fifth Circuit. March 16, 1926.)

No. 4577.

1. **Extradition 39—Habeas corpus 85(2) —Affidavits, to each of which picture of person demanded in extradition proceedings was attached, held properly considered by Governor in extradition proceedings, and properly admitted in habeas corpus proceeding.**

Affidavits that person demanded in interstate extradition proceeding, whose picture was attached to each affidavit, was person who committed crime charged in demanding state, *held* properly considered by Governor, and properly admitted in evidence in habeas corpus proceeding.

2. **Habeas corpus 92(1)—Governor's finding that person demanded was fugitive must stand in habeas corpus proceeding, unless clearly overthrown.**

Governor's finding that person demanded in interstate extradition proceeding was a fugitive from the demanding state must stand in habeas corpus proceeding, unless clearly overthrown.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Charlton R. Beattie, Judge.

Habeas corpus proceeding by the United States, on the relation of Hart Austin, alias Louis Austin, alias Frank Smith, etc., against George E. Williams, Criminal Sheriff, and others. From an order discharging the writ, relator appeals. Affirmed.

For opinion below, see 6 F.(2d) 13.

Ulic J. Burke, of New Orleans, La. (Ulic J. Burke and Jules A. Grasser, both of New Orleans, La., on the brief), for appellant.

Henry Mooney and Richard A. Dowling, both of New Orleans, La., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from an order discharging a writ of habeas corpus, sued out by the appellant, Hart Austin, after the Governor of Louisiana, pursuant to a requisition of the Governor of Utah, setting forth a duly made charge of burglary committed by the appellant in that state, had issued his warrant directing

that appellant be apprehended and delivered into the custody of a named agent of the state of Utah.

[1] The principal complaint as to the discharge of the writ is based upon the consideration by the Governor of Louisiana, and the admission in evidence on the hearing below, of affidavits by residents of Utah that the appellant, whose picture was attached to each of such affidavits, was the person who committed the alleged .crime. Such evidence properly. may be considered in determining whether the person sought to be surrendered is or is not the one charged with crime, and whether he was or was not in the demanding state when the crime is alleged to have been committed. Munsey v. Clough, 196 U. S. 364, 374, 25 S. Ct. 282, 49 L. Ed. 515.

[2] The evidence adduced on the hearing under the writ of habeas corpus was not such as to require the conclusion that the finding of the Governor of Louisiana, evidenced by his warrant of arrest, that the appellant was a fugitive, was clearly overthrown. That finding must stand, as it was not clearly overthrown. Hogan v. O'Neill, 255 U. S. 52, 41 S. Ct. 222, 65 L. Ed. 497. The record does not show that error was committed in discharging the writ.

The order is affirmed.