STUART v. JOHNSON, SHERIFF.

4-4315

Opinion delivered May 18, 1936.

*D. K. Hawthorne,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

BAKER, J.   Jeane Stuart was arrested in Craighead county upon a warrant charging her with having committed embezzlement in the State of Oklahoma and with having fled from that State.   Her arrest was upon a warrant issued for her extradition under act No. 126, approved March 19, 1935, and generally known as "The Uniform Extradition Act."   There is no question here as to any failure of a substantial compliance with the provisions of said act as to matters of form.   There is, however, the question of identity as the basis for the *habeas corpus* suit whereby appellant has sought her release.   Incidentally there is an allegation to the effect that offense charged is barred by the statute of limitations of three years and that there is a variance in the proof offered on *habeas corpus* and the affidavit charging the offense.

The matter of identity of Jeane Stuart as the person charged with having committed the offense in Oklahoma was presented in a way most unique.

Upon a petition for a writ of *habeas corpus* whereby she sought release from the arresting officer she offered as a witness A. Garland Marrs, sheriff of Tulsa county, Oklahoma, and by him had identified the several different instruments or documents used in the process of extradition, including affidavit of prosecuting witness and preliminary information filed in the court of common pleas and warrant of the judge of said court and other procedural papers.

The affidavit charged "Carolyn Morgan" with the offense, and did not mention or incorporate the name of Jeane Stuart.   Among these was a petition of the county attorney of Tulsa county, Oklahoma, to the Governor of Oklahoma, praying that Carolyn Morgan, alias Jeane Hamilton Coty, alias Jeane Stuart, be extradited from Arkansas.   Other documents thereafter mentioned her in like manner.

Under his examination Sheriff Marrs testified that the prisoner, petitioner for the writ of *habeas corpus*, was arrested in Tulsa, Oklahoma, on the night of October 3, 1935, and again on the succeeding night, October 4; that she made bond for $1,000 for her appearance on October 11; that she did not appear but defaulted; that the woman arrested on October 3d and 4th was the same woman charged in the affidavit and preliminary information as having committed the offense of embezzlement in 1930.

After the appellant had offered this proof, she then proceeded by offering testimony of numerous witnesses to the effect that she was not in Oklahoma on October 3d and 4th, 1935. By this testimony offered over the objection of the prosecuting attorney she made and raised the principal issue upon which she relies for discharge.

Even if her contention in this respect be true, it does not follow that she was not present in Oklahoma at the time and place of the alleged commission of the offense charged. The proof of a mistaken identity in 1935 does not in any manner tend to prove the appellant was not the same person identified by the prosecuting witness as the one to whom she had delivered her money or check. It does not prove she is not Carolyn Morgan, alias Jeane Hamilton Coty, alias Jeane Stuart. By her own witness she brought into the record, by identification, the papers or records showing the several names under which she was known, and by her most intimate friends established the fact she was so known. Section 5 of said act No. 126, Acts 1935, furnishes the measure of proof required. That requirement has been met.

Appellant argues that the charge is barred by limitations. That may be, or she may have been a fugitive so as to prevent the statute bar from attaching. At any rate that is a matter of defense which may be offered in defense of the charge, but not here.

As to the alleged variance in the charge as set out by affidavit and information and proof offered we have nothing to do. Suffice it to say there is a "substantial charge" of a violation of the laws of the demanding State. Section 3, act No. 126, *supra.*

760

Besides, affidavits and informations may be amended. This seems to be peculiarly true in Oklahoma. See 31 C. J., 648, and footnote 96 for Oklahoma cases there cited to support the text. The matter of defective affidavits may be raised by proper motion filed in due time before amendment. *Muldrow* v. *State,* 4 Okla. Crim. 324, 111 Pac. 656.

The whole matter may be disposed of by quoting from second headnote in the case of Ex parte *William Germain,* 155 N. E. 12, 258 Mass. 289, 51 A. L. R. 789. This is a correct epitome of the decision and seems to be according to the weight of authority.

"Whether or not a requisition for interstate rendition shall be honored is a question for the executive, over which the courts have no control, if the statutory requirements are fully complied with."

The trial court's judgment was correct, and is affirmed.