STATE EX REL. HERBERT LEWIS, SHERIFF *v.* ALLEN.

Criminal 4049

Opinion delivered October 11, 1937.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellant.

BUTLER, J.   The appellee, H. M. Allen, was charged in the state of Kansas, with the crime of obtaining property and cheating by false pretenses as defined by the laws of that state.   Allen was arrested by the sheriff of Washington county, Arkansas, on application of the Kansas authorities and in due time a requisition was issued by the Governor of Kansas and honored by the Governor of this state.   At this stage of the proceeding, a petition for writ of *habeas corpus* was filed with the judge of the Washington circuit court and a writ issued directed to the sheriff of the county in the usual form.   A response was filed and a hearing had upon the petition and response.   The trial judge found that there was no evidence that the petitioner was a fugitive from justice from the state of Kansas and ordered his discharge.   From that order an appeal was prayed and prosecuted to this court.

The appellee has filed his motion to dismiss the appeal on the ground that the case has not been properly brought to this court for review, in that the proceeding should have been by writ of certiorari and not by appeal. We overrule this motion.   The proceeding has brought the entire record to this court and it is immaterial whether that proceeding be denominated certiorari or appeal. *State* v. *Hudspeth,* 191 Ark. 963, 88 S. W. (2d) 858, as it will be treated as proceeding by certiorari.

The charge against the appellee is that he obtained the sum of $43 in Kansas on the false representation that he had authority to draw a certain check and sign the name of his employer to it, and that it would be paid when presented.   At the hearing on the petition, appellee introduced evidence to the effect that he is a citizen of this state, residing at Springdale in Washington county; that he was engaged in driving a truck for the Lindley Truck Company; that at the time of his alleged offense he was driving said truck in the state of Kansas; that it became necessary for him to purchase a tire for the truck, which purchase was for the benefit of the

truck company by which he had been employed for approximately three months; that at the time he gave the check he had the truck with him and had no interest in the purchase of the tire except to further the interests of his employer. The seller of the tire made inquiry as to appellee's authority to make the purchase and he thought he had it because some of the other drivers had done so before. When appellee returned to Arkansas he had some dispute with his employer. He was thereupon discharged and the truck company refused to honor the check he had given. The tire was then on the truck. There was further evidence to the effect that the appellee's employer sent the tire back to the seller.

If the circuit judge had authority to consider the petition, *Stewart* v. *Johnson,* 192 Ark. 757, 94 S. W. (2d) 715, it could have been only for two purposes; first, to establish the identity of the prisoner; and, second, to determine the question of whether or not he was a fugitive. These questions are primarily for the Governor of the asylum state and, where the requisition shows the necessary facts to entitle the demanding state to the return of the alleged fugitive, the two questions stated are the only ones to be considered. The evidence submitted did not relate to either of these questions, but was to the effect that the petitioner was innocent of the crime charged.

In *Appleyard* v. *Massachusetts,* 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073, it was held that where a person is properly charged within a given state with the commission of an offense in that state, covered by its laws, and, who, after the date of the commission of the alleged offense, leaves the state, he becomes a fugitive from justice within the meaning of the provisions of the federal Constitution [Const., Art. 4, § 2; 18 USCA, § 662], and laws relating to extradition regardless of the purpose or the motive, or under what belief he leaves the demanding state, even though at the time of leaving he had no knowledge or belief that he had violated its criminal laws, and did not consciously flee from justice in order to avoid prosecution for the alleged crime. The Governor of

Arkansas, by his act in honoring the requisition, found that appellee was a fugitive from justice. In this state of the case the rule seems to be that before he would be entitled to a discharge by court order, the evidence would have to be practically conclusive in his favor. *Keeton* v. *Gaiser,* 331 Mo. 499, 55 S. W. (2d) 302; *Munsey* v. *Clough,* 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515.

The appellee's evidence conclusively establishes the fact that the transaction which is alleged to have been a criminal offense in Kansas was committed there, and that afterwards he left the state of Kansas and came to Arkansas and was a resident of this state when arrested. Therefore, under the rule announced in *Appleyard* v. *Massachusetts, supra,* he was a fugitive from justice within the meaning of the requisition laws. The question of his guilt or innocence is one to be determined on a trial of the charge in the demanding state and the judge erroneously granted the prayer of the petition. His order is accordingly reversed, and cause remanded with directions to dismiss appellee's petition and remand the appellee to the custody of the sheriff.