SWANN *v*. STATE.

4320                                            174 S. W. 2d 557

Opinion delivered October 11, 1943.

*C. C. Hollensworth,* for petitioner.

*Guy E. Williams,* Attorney General and *Earl N. Williams,* Assistant Attorney General, for respondent.

McHANEY, J. On May 10, 1943, petitioner was arrested by the sheriff of Bradley county upon a warrant issued by the Governor of this state on an application of the State of California to extradite petitioner as a fugitive from that state. He was charged in the Municipal court of Los Angeles county with the crime of statutory rape, committed in said county on certain days in January, 1943, for which a warrant of arrest had been issued from said court. He prosecuted a *habeas corpus* proceeding against the sheriff in the Bradley circuit court to be discharged. His petition there, after setting out the above facts, alleged only ''that he is desirous of testing the legality of the arrest, that the proof is not evident nor the presumption great against him, and that he is not guilty of said crime of rape.'' He prayed that ''he may be permitted all of his legal rights under the statutes made and provided.'' The sheriff responded that he held and detained the petitioner by authority of the warrant of the Governor of Arkansas, dated May 4, 1943, issued at the request of the State of California. After a hearing, the court denied the writ and remanded petitioner to the custody of the sheriff to be held pending a hearing in this court.

Prior to the issuance of the warrant by the Governor, petitioner had been arrested by the sheriff of Bradley county at the request of California authorities, and a *habeas corpus* proceeding was had in the Bradley county court, and on certiorari in the circuit court, to release the petitioner, but without success. We think these proceedings are unimportant here, as the warrant of the Governor, on extradition, is the only authority for his removal as a fugitive.

The petition for the writ here must fail on the authority of two of our recent cases: *Stuart* v. *Johnson,* 192 Ark. 757, 94 S. W. 2d 715; and *State ex rel.*

*Lewis, Sheriff,* v. *Allen,* 194 Ark. 688, 109 S. W. 2d 952. In the latter case it was definitely held that the circuit court, after the requisition of the demanding state had been honored by the Governor of this state, could consider a petition for *habeas corpus* for only two purposes: first, to establish the identity of the prisoner; and, second, to determine whether he is a fugitive. Also, that the question of the guilt of the prisoner is to be determined on the trial of the charge in the demanding state.

Here, there is no question of the identity of the petitioner. As to whether he is a fugitive, he is again concluded by the holding in the case just cited. There, the late Justice BUTLER, for the court, said: "In *Appleyard* v. *Massachusetts,* 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073, it was held that where a person is properly charged within a given state with the commission of an offense in that state, covered by its laws, and, who, after the date of the commission of the alleged offense, leaves the state, he becomes a fugitive from justice within the meaning of the provisions of the federal Constitution (Const., art. 4, § 2; 18 USCA, § 662), and laws relating to extradition regardless of the purpose or the motive, or under what belief he leaves the demanding state, even though at the time of leaving he had no knowledge or belief that he had violated its criminal laws, and did not consciously flee from justice in order to avoid prosecution for the alleged crime. The Governor of Arkansas, by his act in honoring the requisition, found that appellee was a fugitive from justice. In this state of the case the rule seems to be that before he would be entitled to a discharge by court order, the evidence would have to be practically conclusive in his favor. *Keeton* v. *Gaiser,* 331 Mo. 499, 55 S. W. 2d 302; *Munsey* v. *Clough,* 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515."

The crime charged against him was committed, if committed at all, in the state of California, at a time when petitioner was residing there. He knew the young woman in question and associated with her. Shortly after the alleged offense, he left California and returned to Warren, Arkansas, and was a resident here when arrested. Therefore, he was a fugitive, under the rule just stated

within the meaning of the requisition laws, and the court properly refused to discharge him.

Petitioner's guilt depends upon the age of the female alleged to have been raped, and there are certain affidavits in the record indicating that she is past 18 years of age. This is a matter of defense to the charge and can only be considered and determined by the trial court of the demanding state, *Stuart* v. *Johnson, supra.*

The writ is accordingly denied.