Letwick *v.* State.

4434                                    198 S. W. 2d 830

Opinion delivered January 20, 1947.

*James R. Campbell* and *Lloyd E. Darnell,* for appellant.

*Guy E. Williams, Attorney General,* and *Earl N. Williams,* Assistant Attorney General, for appellee.

SMITH, J. The appellant was charged in the State of Colorado with participating in a "confidence game," which, under the laws of that state, is a felony. A requisition was issued for appellant's arrest, which was honored by the Governor of this state, and after appellant's arrest he filed a petition for a writ of *habeas corpus.* A hearing was had thereon, and appellant was remanded to the custody of the officer who had him under arrest, and this appeal is from that judgment.

To reverse this judgment, two pleas are interposed. First, the plea of *res judicata,* and second, that appellant is not the person named in the requisition.

It appears that appellant was arrested in the State of Texas, upon the requisition of the Governor of Colorado, upon the same charge. His release was denied by a District Court of the State of Texas, and that judgment was first affirmed by the Court of Criminal Appeals, but a rehearing was granted, and it was ordered that petitioner be discharged for the reason that his identity

as the person named in the requisition had not been established. *Letwick* v. *State,* 168 S. W. 2d 866.

But appellant is not to be given immunity from prosecution upon the charges against him because his identity was not established in Texas, if it has since been established in the proceeding from which is· this appeal. At § 203 of the Chapter on *Habeas Corpus,* 29 C. J. 179, it is said: "But by the great weight of authority, the rule is, in the absence of a statute providing otherwise, that a refusal to grant a writ of *habeas corpus,* or a dismissal of the writ, or a remand of the relator to custody, or other refusal to discharge him, is not a bar to, or *res judicata* on, a subsequent application for the writ."

It was held in the case of *State ex rel. Shapiro* v. *Wall,* 187 Minn. 246, 85 A. L. R. 114, 244 N. W. 811, to quote a headnote from that case, that: "The discharge by writ of *habeas corpus* of a prisoner held upon an extradition warrant for the reason that the courts of one state hold that he is not a fugitive from justice is not *res judicata* in *habeas corpus* proceedings in another state where the same issue is raised." See, also, to the same effect *Kurtz* v. *State,* 22 Fla. 36, 1 Am. St. Rep. 173. See, also, annotations to the case of *People* v. *Toman,* 102 A. L. R. 379-382.

There is no question of former jeopardy in this case. Indeed the question is whether appellant shall be returned for a trial to the state where the offense is alleged to have been committed. We hold, therefore, that the plea of *res judicata* is not well taken. This view accords with the holding in the case of *State ex rel. Lewis* v. *Allen,* 194 Ark. 688, 109 S. W. 2d 952, where it was said: "If the circuit judge had authority to consider the petition, *Stewart* v. *Johnson,* 192 Ark. 757, 94 S. W. 2d 715, it could have been only for two purposes; first, to establish the identity of the prisoner; and, second, to determine the question of whether or not he was a fugitive. These questions are primarily for the Governor of the asylum state and, where the requisition shows the necessary facts to entitle the demanding state to the return of the alleged

fugitive, the two questions stated are the only ones to be considered. The evidence submitted did not relate to either of these questions, but was to the effect that the petitioner was innocent of the crime charged."

It cannot be questioned, indeed it is conceded, that if appellant is in fact the person named in the requisition he is a fugitive from justice. But is he that person? The cases on the subject uniformly hold that the person sought to be extradited may raise and have determined the question of identity on *habeas corpus.* In other words, a person arrested under a requisition has a right to show in a *habeas corpus* proceeding that he is not the person named in the requisition. Section 20 of the Uniform Criminal Extradition Act, which was enacted into law by Act 126 of the Acts of 1935, so provides.

There is a conflict in the authorities as to where the burden of proof lies in this proceeding, but it is unimportant here as appellant offered no proof whatever. *People v. Toman, supra.*

It is conceded that the requisition papers were prepared in exact compliance with the applicable statutes both of Colorado and of this state. The requisition from the Governor of Colorado is for the arrest of Albert Levine, and the warrant of arrest issued by the Governor of this state honoring the requisition, employs the same name. But it appears that the Governor of this state awarded appellant a hearing before honoring the demand of the Governor of Colorado, and at this hearing appellant admitted that he was known by both of the names, Albert Letwick and Albert Levine, although he denied at that hearing that he had ever been in the State of Colorado. At this hearing before the Governor a report by the F. B. I. was offered showing that Albert Levine had been arrested in numerous states on various charges, and it was shown that appellant, at the hearing before the Governor, admitted he had been arrested in all the places named.

The warrant issued by the Governor of this state directed any peace officer of this state to arrest Albert

Levine and to deliver his custody to E. S. Niles, the agent of the State of Colorado, for transportation to that state. Niles testified that he procured photographs of Levine which had been identified by persons who knew Levine, as the person alleged to have committed the "confidence game." One of these had been tried and convicted in Colorado as one of Levine's associates in the "confidence game." The photographs, four in number, were offered in evidence by Niles, who testified that they had been identified as the photographs of the person accused in Colorado of committing the "confidence game," but he did not testify that he personally knew Levine. The court therefore had the opportunity to determine whether appellant was the man who had been photographed.

This was hearsay testimony, of course, but appellant was not on trial for the commission of the offense charged. Indeed his guilt or innocence of that charge was not a question which the court could have heard or determined in the *habeas corpus* proceeding. The rule of evidence requiring that the accused be confronted with the witnesses against him does not apply.

The case of *U. S. ex rel. Austin* v. *Williams,* 6 Fed. 2d 13, was one in which petitioner sought by *habeas corpus* to procure his release upon the ground that he was not the person named in the requisition. Affidavits and photographs were offered in evidence, as in the instant case, which were objected to as offending against the hearsay evidence rule. In holding the evidence competent, the court said: "This is not a criminal case, controlled by the constitutional right of an accused to be confronted by witnesses, but is a civil case, and I conclude from this, and from the decisions (to which the opinion referred), that the relator's objection on this ground is not supported by law, and that the affidavits can be properly considered as evidence by the court."

This holding was affirmed by the Circuit Court of Appeals for the Fifth Circuit on the appeal to that court, 12 Fed. 2d 66, where it was said: "The principal complaint as to the discharge of the writ is based upon the

consideration by the Governor of Louisiana, and the admission in evidence on the hearing below, of affidavits by residents of Utah that the appellant, whose picture was attached to each of such affidavits, was the person who committed the alleged crime. Such. evidence properly may be considered in determining whether the person sought to be surrendered is or is not the one charged with crime, and whether he was or was not in the demanding state when the crime is alleged to have been committed. *Munsey* v. *Clough,* 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515." *U. S. ex rel. Austin* v. *Williams,* 12 Fed. 2d 66.

Niles, the agent of the State of Colorado, testified that, practically speaking, the only method of identifying "confidence men" who are fugitives from justice, is by the use of photographs which had been identified as those of the person whose arrest was demanded.

In the case of *State ex rel.* v. *Allen, supra,* it was said: "The Governor of Arkansas, by his act in honoring the requisition, found that appellee was a fugitive from justice. In this state of the case the rule seems to be that before he would be entitled to a discharge by court order, the evidence would have to be practically conclusive in his favor. *Keeton* v. *Gaiser,* 331 Mo. 499, 55 S. W. 2d 302; *Munsey* v. *Clough,* 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515."

Certainly the evidence in this case is not practically conclusive that appellant, the person who calls himself Albert Letwick, is not the Albert Levine whose return to Colorado for trial has been demanded.

It appears that appellant did not make bail as the court ordered that he might. do pending this appeal, and that he remained, and is now, in the custody of the officers of this state.

The action of the court below in dismissing the *habeas corpus* proceeding is therefore affirmed, and the officers having appellant in custody will deliver him to the authorized agent of the State of Colorado for transportation to that state.