KOELSCH, EX PARTE.

4-8296                                        205 S. W. 2d 186

Opinion delivered November 3, 1947.

*Hugh M. Bland,* for petitioner.

*Warren Edwards, Wm. N. Mounger* and *Pettus A. Kincannon,* for respondent.

HOLT, J. Appellant, August Koelsch, was charged in the State of Oklahoma with wife and child abandonment, which, under the laws of that State, is a felony. A requisition was issued by the Governor of Oklahoma for appellant's arrest as a fugitive. Appellant was arrested in Sebastian county, and upon a hearing before the Governor of this State, the requisition of the Governor of Oklahoma was honored, and immediately following this action of the Governor of Arkansas, appellant filed petition for a writ of *habeas corpus* before the Sebastian Circuit Court, Fort Smith District, and upon a hearing the writ was denied and he was remanded to the custody of the officer who had him under arrest. He was later released on bond. This appeal is from that judgment.

For reversal, appellant contends that ''no person may lawfully be removed from one state to another by virtue of the constitutional provisions relative to extradition unless he is charged in one state with a crime, has fled from justice and demand is made for his delivery to the state wherein he is charged with the crime, and if either one of these conditions is absent, the Constitution affords no warrant for restraint of that person,'' and also says ''the petitioner (appellant) admits his identity, but denies that he is a fugitive from justice.''

On the record presented, it is undisputed that appellant was a resident of Oklahoma on January 1, 1945, when the crime, *supra,* was alleged to have been committed by him and after the commission of the alleged offense, he left Oklahoma and removed to Arkansas. Under the Oklahoma law, the charge against him was a continuing offense. It is conceded that appellant is the identical person charged in Oklahoma. In these circumstances, appellant became a fugitive from justice. The court below was not concerned with appellant's guilt or innocence, and its judgment in denying the writ was correct.

The applicable and well established rule in a case such as this is stated by this court in *Swann* v. *State*, 206 Ark. 184, 174 S. W. 2d 557, where we said: "The Circuit Court, after the requisition of the demanding state had been honored by the Governor of this state, could consider a petition for *habeas corpus* for only two purposes: first, to establish the identity of the prisoner; and, second, to determine whether he is a fugitive. Also, that the question of the guilt of the prisoner is to be determined on the trial of the charge in the demanding state.

"Here, there is no question of the identity of the petitioner. As to whether he is a fugitive, he is again concluded by the holding in the case just cited. There, the late Justice BUTLER, for the court, said: 'In *Appleyard* v. *Massachusetts*, 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073, it was held that where a person is properly charged within a given state with the commission of an offense in that state, covered by its law, and, who, after the date of the commission of the alleged offense, leaves the state, he becomes a fugitive from justice within the meaning of the provisions of the Federal Constitution (Const., Art. 4, § 2; 18 U.S.C.A., § 662), and laws relating to extradition regardless of the purpose or the motive, or under what belief he leaves the demanding state, even though at the time of leaving he had no knowledge or belief that he had violated its criminal laws, and did not consciously flee from justice in order to avoid prosecution for the alleged crime. The Governor of Arkansas, by his act in honoring the requisition, found that appellee was a fugitive from justice. In this state of the case the rule seems to be that before he would be entitled to a discharge by court order, the evidence would have to be practically conclusive in his favor. *Keeton* v. *Gaiser*, 331 Mo. 499, 55 S. W. 2d 302; *Munsey* v. *Clough*, 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515.'

"The crime charged against him was committed, if committed at all, in the state of California, at a time when petitioner was residing there. . . . Shortly after the alleged offense, he left California and returned to Warren, Arkansas, and was a resident here when arrested.

Therefore, he was a fugitive, under the rule just stated within the meaning of the requisition laws, and the court properly refused to discharge him." See, also, *Stuart* v. *Johnson*, 192 Ark. 757, 94 S. W. 2d 715; *State ex rel. Lewis, Sheriff*, v. *Allen*, 194 Ark. 688, 109 S. W. 2d 952, and the very recent case of *Letwick* v. *State*, 211 Ark. 1, 198 S. W. 2d 830.

Accordingly, we affirm the judgment of the trial court and the Arkansas officer holding the extradition writ is directed to take appellant into custody and release him to the agent of the State of Oklahoma for removal to that state.