This case is before us on writ of certiorari allowed by the former Supreme Court to review a judgment of the Essex County Court of Common Pleas dismissing a writ of habeas corpus.
On December 23, 1947, the prosecuting attorney for Broward County, Florida, filed a criminal information in that County and State against Joseph Frank. The information contained two counts. The first count charged that "Joseph Frank on the 29th day of November 1947, in the County and State aforesaid did then and there unlawfully sell certain personal property to him belonging * * *" consisting of all stock in trade in a certain going tavern business located at Fort Lauderdale, Florida, and also all beverage licenses for said place of business; which property was subject to a lien of a chattel mortgage without the written consent of the mortgagee — all in violation of a cited Florida criminal statute pertinent thereto. The second count charged that on the same day and in the same place, Joseph Frank "did then and there hide, conceal and transfer certain personal property to him belonging", described *Page 244 
as in count one, which property was subject to a lien of a chattel mortgage, with the intent to defeat, hinder and delay the enforcement of the said lien — all in violation of a cited Florida criminal statute pertinent thereto. This information was supported by two affidavits: one made by the chattel mortgagee and the other by Anne Frank, the wife of Joseph Frank. Extradition of Joseph Frank was sought by the State of Florida. Governor Driscoll signed the warrant of rendition and Frank was arrested in Essex County. Frank then obtained a writ of habeascorpus from Judge Naughright; hearing was held thereon and the writ dismissed.
It is urged that the affidavits filed to support the information fail to do so. Frank admitted his presence in the tavern at Fort Lauderdale, Florida, on November 29, 1947. Examination of the affidavit of Diamonte Mehos, the chattel mortgagee, discloses full support for the essential elements of the crime charged in each count as to the stock in trade. The charge in count one as to the sale of the stock in trade is also given support by the affidavit of Anne Frank. We find that the information alleges and the affidavits support the charge of a crime in the State of Florida as to the stock in trade. When a crime against the laws of a demanding state is sufficiently charged, the sufficiency of the information to warrant conviction and judgment according to the law of the land must be determined by the courts of that state, not by those of the asylum state. See In re Williams, 101 N.J.E. 75 (Ch. 1927).
This finding makes it unnecessary to consider the further attack on the information, based on the contention that the licenses, also mentioned therein, are not personal property, and therefore the sale, hiding, concealing or transferring thereof cannot be a violation of the Florida criminal statute, which applies only to "personal property." But see Drew v. Thaw,235 U.S. 432 (1915), in which Mr. Justice Holmes, speaking for the court in answer to a similar contention, said: "And even if it be true that the argument stated offers a nice question, it is a question as to the law of New York which the New York courts must decide." *Page 245 
The trial court refused to allow the accused to testify concerning the conversation with the affiant Anne Frank, referred to in her affidavit, and this is urged as error. The stated purpose of the testimony was to show the wife's motivation and lack of good faith, and to attack her veracity and credit, but these are not proper subjects of inquiry by the asylum state.Munsey v. Clough, 196 U.S. 364 (1904); Drew v. Thaw,
above. In addition, the affidavit of Diamonte Mehos alone is sufficient to support the charge of a crime against the demanding state.
The judgment under appeal is affirmed.