LINDLEY *v.* CRIDER, SHERIFF.

4761                                                   265 S. W. 2d 498

Opinion delivered February 22, 1954.

*Rex W. Perkins, E. J. Ball* and *W. B. Putman,* for petitioner.

*Tom Gentry,* Attorney General and *Thorp Thomas,* Assistant Attorney General, for respondent.

GRIFFIN SMITH, Chief Justice. In an extradition proceeding responsive to a requisition by the chief executive of Missouri, Governor Cherry issued his writ to the sheriff of Washington County, directing the arrest of Lester Lindley. Lindley sought release through writ of habeas corpus. From an adverse ruling the record was brought here by certiorari.

Error is urged in two respects: First, it is insisted that the petitioner's rights were prejudiced when the court excluded some of the exhibits accompanying the requisition. Secondly, exception is taken to the court's holding that Lindley was the man named in the extradition proceedings. The latter assignment includes the defendant's contention that he is not a fugitive from justice, therefore not subject to the extradition process.

The criminal charge grew out of issuance by Walter Easley of a check payable to Bisig & Kretzer. It was signed "Lester Lindley, by Walter Easley" and bore the following certificate: "I hereby claim that I have the above amount in [the First National Bank, at Springdale, Ark.] at this time, and will leave the same on deposit there subject to this check upon presentation."

It is Lindley's contention that he was not in Missouri when the check was drawn, and that he did not authorize Easley to use his name. The check was given for "trailer repairs."

Section 43-3006, Ark. Stat's, authorizes the Governor to surrender to the demanding state any person

charged with having committed a criminal act . . . in a third state, intentionally resulting in a crime in the state whose chief executive authority issues the requisition; "and the provisions of this Act not otherwise inconsistent shall apply to such cases, notwithstanding that the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."

We said in *State ex rel. Herbert Lewis, Sheriff* v. *Allen,* 194 Ark. 688, 109 S. W. 2d 952, that if the circuit judge had authority to entertain the petition . . . it could be considered for two purposes only: First, to establish the identity of the prisoner, and secondly to determine whether he was a fugitive. "These questions," says the opinion, "are primarily for the Governor of the asylum state, and where the requisition shows the necessary facts to entitle the demanding state to the return of the alleged fugitive, the two questions stated are the only ones to be considered."

The defendant's contention that he is falsely accused is not for the court's consideration when the cause is heard in response to the writ of habeas corpus.

It was contended in *Letwick* v. *State,* 211 Ark. 1, 198 S. W. 2d 830, that identity of the prisoner had not been sufficiently established. Judge Frank G. Smith, in writing the opinion, pointed to this statement in the Lewis-Allen case: "The Governor of Arkansas, by his act in honoring the requisition, found that appellee was a fugitive from justice. In this state of the case the rule seems to be that before [the prisoner] would be entitled to a discharge by court order the evidence would have to be practically conclusive in his favor." [*Munsey* v. *Clough,* 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 516].

In the Munsey case, *supra,* Mr. Justice Peckham, speaking for the U. S. Supreme Court, said that proceedings before a governor on petition for extradition "are summary in their nature . . . Strict common law evidence is not necessary." This evidence "must at least be satisfactory to the mind of the Governor." But the holding in *Hyatt* v. *People ex rel. Cochran,* 188

U. S. 691, 23 S. Ct. 456, 47 L. Ed. 657, is that the extradition warrant is but *prima facie* sufficient to hold the accused; that it is open to the petitioner, on habeas corpus proceedings, to show that he was absent from the demanding state at the time the crime was committed, hence could not be a fugitive from justice.

In 1935 Arkansas adopted the uniform extradition act. Section 6 appears as § 43-3006, Ark. Stat's. The construction given this section is shown in Uniform Laws, Ann., vol. 9, p. 192 *et seq.* Almost without exception it is held that an extradition provision such as § 6 falls within a state's police power and is not violative of the federal constitution.

Our conclusion is that the tender of some of the exhibits accompanying the Missouri executive's requisition did not overcome the *prima facie* verity attaching to Governor Cherry's action in directing that the accused be delivered to the demanding state; nor did a misprision in the writ's language militate against the executive's obvious intent. Neither are we able to say that evidence before the circuit court was not sufficient to identify the petitioner as the person named in the charges.

It follows that the judgment refusing to discharge the prisoner was correct. Affirmed.

ROBINSON, J., dissenting. This case does not come within the provisions of Ark. Stats., § 43-3006; before that section would be applicable, it must be alleged that the defendant is charged in the demanding state "with committing an act in this state or in a third state intentionally resulting in a crime in the state whose executive authority is making the demand." Here there is no allegation that petitioner committed an act in the State of Arkansas or a third state intentionally resulting in a crime in the demanding state, Missouri. In all the extradition documents introduced in evidence it is specifically charged that petitioner Lester Lindley, *while present in Andrew County, Missouri,* committed the crime of drawing a bogus check in the sum of $73.50. The complaint filed by the prose-

cuting witness alleges ''On or about January 10, 1953, in Andrew County *in the state of Missouri* the defendant, *Lester Lindley, did then and there* unlawfully, willfully, feloniously,'' etc. The warrant of arrest issued by a magistrate of Andrew County, Missouri, directed to the sheriff, provides: ''You are hereby commanded to arrest Lester Lindley who is charged with unlawfully, willfully, and feloniously, on or about the 10th day of January, 1953, writing a bogus check in the sum of $73.50 payable to Bisig & Kretzer, Savannah, Missouri, *alleged to have been committed within the jurisdiction of this court.''*

The petition from the prosecuting attorney of Andrew County directed to the Governor of Missouri, asking for a requisition upon the State of Arkansas for the return of Lester Lindley to the State of Missouri, alleges that he was a fugitive and further alleges: ''The undersigned Alden S. Lance, Prosecuting Attorney for the County of Andrew and State of Missouri, represents that Lester Lindley stands charged . . . with the crime of passing a fraudulent check . . . *committed in the County of Andrew and State of Missouri,* on or about the 10th day of January, 1953. . . . That on or about the 10th day of January, 1953, *the said Lester Lindley fled from the State of Missouri,* and is now, as your petitioner believes, in the County of Washington and State of Arkansas a fugitive from justice of Missouri.''

In an extradition proceeding the circuit court has authority to consider a petition for a writ of *habeas corpus* for two purposes: first, to establish the identity of the prisoner; and second, to determine the question of whether he is a fugitive. *State ex rel. Herbert Lewis, Sheriff* v. *Allen,* 194 Ark. 688, 109 S. W. 2d 952; *Swann* v. *State,* 206 Ark. 184, 174 S. W. 2d 557; and *Koelsch, Ex Parte,* 212 Ark. 199, 205 S. W. 2d 186.

According to these decisions the courts have authority to determine whether the prisoner is a fugitive. Ballentine's Law Dictionary, 2nd Edition, says a fugitive is ''A person who commits a crime within a state and withdraws himself from such jurisdiction. See *People ex rel.*

*Merklen* v. *Enright,* 217 N. Y. App. Div. 514, 517, 217 N. Y. Supp. 288.''

*Hyatt* v. *Corkran,* 188 U. S. 691, 23 S. Ct. 456, 47 L. Ed. 657, cited by the majority, actually supports the contention of the petitioner. There the court said: ''The language of § 5278, Rev. Stat., provides, as we think, that the act shall have been committed by an individual who was at the time of its commission personally present within the State which demands his surrender. It speaks of a demand by the executive authority of a State for the surrender of a person as a fugitive from justice, by the executive authority of a State *to which such person has fled,* and it provides that a copy of the indictment found, or affidavit made before a magistrate of any State, charging the person demanded with having committed treason, etc., certified as authentic by the governor or chief magistrate of the State or Territory *from whence the person so charged has fled,* shall be produced, and it makes it the duty of the executive authority of the State *to which such person has fled* to cause him to be arrested and secured. Thus the person who is sought must be the one who has fled from the demanding State, and he must have fled (not necessarily directly) to the State where he is found. It is difficult to see how a person can be said to have fled from the State in which he is charged to have committed some act amounting to a crime against that State, when in fact he was not within the State at the time the act is said to have been committed. How can a person flee from a place that he was not in? He could avoid a place that he had not been in; he could omit to go to it; but how can it be said with accuracy that he has fled from a place in which he had not been present? This is neither a narrow, nor, as we think, an incorrect interpretation of the statute. It has been in existence since 1793, and we have found no case decided by this court wherein it has been held that the statute covered a case where the party was not in the State at the time when the act is alleged to have been committed. We think the plain meaning of the act requires such presence, and that it was not intended to include, as a fugitive from the justice of a state, one who

had not been in the State at the time when, if ever, the offense was committed, and who had not, therefore in fact, fled therefrom.''

At the hearing on the petition for the writ of *habeas corpus,* Lindley introduced evidence that he was not in the State of Missouri on or about the 10th day of January, 1953; that he was in Dallas, Texas, at that time. This evidence was not contradicted. There was no evidence introduced to show that petitioner was in the State of Missouri at any time. Where it is shown that the one being extradited was not in the State where the crime was alleged to have been committed at the time named in the indictment, and proof showed that the alleged fugitive was not in the state at or about the time the alleged offense was committed, he is entitled to be discharged on a *habeas corpus* proceeding. *Levy* v. *Splain,* 267 Fed. 333; *Lawrence* v. *King,* 203 Ind. 252, 180 N. E. 1; *Wigchert* v. *Lockhart,* 114 Colo. 485, 166 P. 2d 988; *Ex Parte Brewer,* 61 Cal. App. 2d 388, 143 P. 2d 33; *Ex Parte Ellis,* 223 Mo. App. 125, 9 S. W. 2d 544.