THE STATE OF OHIO, APPELLANT, *v.* BARONE, APPELLEE.

(No. 3646—Decided August 29, 1984.)

*Gregory A. White,* prosecuting attorney, for appellant.

*Daniel G. Wightman,* for appellee.

MAHONEY, J. This is an appeal from a judgment granting a writ of habeas corpus to petitioner Ralph Barone. Barone sought the writ to challenge a governor's arrest warrant issued in response to a request for extradition from the state of Washington. We reverse.

## Facts

On November 4, 1980, Barone was charged by information with two counts of possession of controlled substances in Whatcom County, Washington. At the time, Barone was residing in Florida and was arrested on an extradition warrant from Washington on the drug charges. However, the extradition request was later withdrawn and Barone released. He then moved to Avon Lake, Ohio where he was again arrested pursuant to an extradition request from Washington. The Washington authorities allege that Barone was part of a scheme in which large amounts of marijuana and cocaine were to be transported to Canada for sale. Barone and his friends allegedly stopped at a motel in Washington. After the rent on their rooms was delinquent for several days, the police were called. A search of the rooms revealed several controlled substances along with Barone's passport. Furthermore, a maid at the motel stated that she had seen Barone at the motel during the time in question.

Barone challenged the warrant by filing a petition for a writ of habeas corpus. Barone claimed that he has never been in the state of Washington, and was in San Francisco at the time claimed in the information. After a hearing, the court granted the writ stating that, although the evidence was contradictory, there was no substantial and credible evidence in support of the warrant.

## Discussion
### Assignment of Error

"The trial court erred when it refused to extradite the fugitive to Washington when the refusal was based upon the resolution of the credibility issue in favor of the fugitive after substantial and credible evidence was adduced at [the] hearing placing the fugitive in the state of Washington at the time the crime was committed."

The primary authority for extradition rests in Clause 2, Section 2, Article IV of the United States Constitution, which reads in part:

"A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

Under this provision, extradition was intended to be primarily an executive function. *Michigan* v. *Doran* (1978), 439 U.S. 282; *Carpenter* v. *Jamerson* (1982), 69 Ohio St. 2d 308 [23 O.O.3d 290]. Although the accused may challenge the extradition by writ of habeas corpus, the role of the court in such a proceeding is extremely limited. *Michigan* v. *Doran, supra; Carpenter* v. *Jamerson, supra; In re Rowe* (1981), 67 Ohio St. 2d 115. The extent of the habeas corpus hearing is limited to determining the following questions:

"* * * (1) [W]hether the petitioner has been charged with an offense under the laws of the state demanding extradition; (2) whether the petitioner is the individual named in the extradition request; (3) whether the petitioner is a fugitive; (4) whether the extradition is not for the purpose of enforcing any civil liability; and (5) whether the extradition documents on their face are in order." *Carpenter* v. *Jamerson, supra,* at 310-311.

At issue in the instant case is whether Barone is in fact a fugitive, *i.e.,* whether he left the state of Washington after having allegedly committed a crime therein. *In re Rowe, supra,* at 119.

The question of whether an accused is a fugitive is one of fact. *Id.* at 120. In determining this question, a strong presumption is rendered in favor of the validity of the extradition warrant. In order to rebut this presumption, the petitioner must prove beyond a reasonable doubt that he is not a fugitive. *Id.* at 123-124. The United States Supreme Court has held that this burden is not met where the evidence concerning the petitioner's fugitivity is contradictory.

*South Carolina* v. *Bailey* (1933), 289 U.S. 412, 421-422; *Munsey* v. *Clough* (1905), 196 U.S. 364, 374-375; *In re Rowe, supra,* at 122-124. Based on these cases, the instant writ should have been denied. Here the trial court specifically found the evidence to be contradictory. However, the court granted the writ based on the following language in *In re Rowe, supra,* at 124 (and paragraph three of the syllabus):

"* * * [W]here there is contradictory evidence upon the issue of fugitivity *and there is substantial and credible evidence* placing the petitioner in the demanding state on or about the date of the offense, the petitioner has not met the burden placed upon him * * *." (Emphasis added.)

The trial court held that although the evidence was contradictory, there was not "substantial and credible evidence placing the defendant in the state of Washington on or about the date of the offense." This finding, in effect, placed upon the state the burden to produce "substantial and credible" evidence tending to prove the petitioner a fugitive. We do not read *In re Rowe* as requiring such a burden. The holding in *In re Rowe* was intended simply as a limitation of the trial court's ability to weigh the credibility of witnesses where the evidence is conflicting. The court stated at 124:

"* * * [W]here there is contradictory evidence upon the issue of fugitivity and there is substantial and credible evidence placing the petitioner in the demanding state on or about the date of the offense, the petitioner has not met the burden placed upon him and the habeas corpus court may not, under the guise of passing upon the credibility of witnesses, resolve the fact of the petitioner's presence in the demanding state in favor of the petitioner and discharge him from custody. To conclude otherwise and hold the court possesses its ordinary unlimited authority to pass upon the credibility of witnesses and resolve

disputed questions of material fact would not be consonant with the summary and unique character of extradition proceedings wherein issues of guilt and innocence, including alibi, are for resolution in the courts of the demanding state. This is not to deny to the habeas corpus court its authority to pass upon the credibility of witnesses, but to limit that function in extradition habeas corpus adjudication in conformity with United States Supreme Court pronouncements upon the issue."

Under the United States Supreme Court pronouncements, there is no requirement that the state produce "substantial and credible" evidence. The sole burden is on the accused to rebut beyond a reasonable doubt the presumption in favor of extradition. This burden is not met where the evidence is "merely contradictory." *Michigan* v. *Doran, supra; South Carolina* v. *Bailey, supra,* at 421-422; *Munsey* v. *Clough, supra,* at 374-375.

### Summary

As the trial court specifically found the evidence to be contradictory, the writ of habeas corpus should not have been granted. Accordingly, we reverse and enter final judgment denying the writ of habeas corpus.

*Judgment reversed and writ denied.*

BAIRD, P.J., and QUILLIN, J., concur.