**Franklin D. HORNE, Petitioner,**

v.

**Willie WILSON, Sheriff, etc., Respondent.**

**Misc. No. 41.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Dec. 9, 1969.

---

Franklin D. Horne, pro se.

## MEMORANDUM OPINION

NEESE, District Judge.

The petitioner Franklin Delano Horne went into the custody of the respondent under a demand for him as a fugitive felon of the executive authority of the Commonwealth of Massachusetts. This was on the same date that he was released from custody by this Court, after entry of a judgment of acquittal on a charge of kidnapping under his plea that he was not guilty by reason of temporary insanity at the time of the commission by him of the alleged offense.

Mr. Horne applies for the federal writ of habeas corpus, on the ground that he is in custody of the respondent sheriff in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). His application cannot be granted, because it does not appear in his application that the constitutional questions he now presents have been ruled upon by the courts of Tennessee. See Application of Ortega, D.C.Ill. (1957), 158 F. Supp. 946, 948[4], certiorari denied sub nom. Ortega v. Ragen, etc. (1959), 359 U.S. 928, 79 S.Ct. 612, 3 L.Ed.2d 630. (In addition the petitioner has not verified his purported affidavit seeking to proceed herein in forma pauperis. 28 U.S.C. § 1915(a).) Nevertheless, the Court has considered the points raised by Mr. Horne and finds them without merit.

Mr. Horne claims that the warrant of the Governor of Tennessee, under which he is now held in custody, is invalid, in that it was obtained without a hearing, is based on fraudulent allegations, and that, in fact, he is not a fugitive from Massachusetts. When Mr. Horne was charged in Massachusetts with a felony, and with having fled justice, after being found in Tennessee, he could on demand of the executive authority of Massachusetts be delivered up, to be removed to Massachusetts. Constitution, Article IV, § 2, cl. 2. Upon receipt by the Governor of Tennessee of the demand of the Governor of Massachusetts of Mr. Horne as a fugitive from justice, certified as authentic by the latter executive authority, it was incumbent upon the Governor of Tennessee to cause Mr. Horne to be arrested and secured, to notify the Governor of Massachusetts of those facts, and to cause Mr. Horne to be delivered to the agent of the latter Governor, 18 U.S.C. § 3182. This statute was enacted under constitutional permission to control fugitives from justice to the extent that the Congress deemed it wise so to do, and its provisions " * * * were intended to be dominant, * * * so far as they operated * * ." Innes v. Tobin (1916), 240 U.S. 127, 131, 36 S.Ct. 290, 291, 60 L.Ed. 562, 564 (headnote 1).

Mr. Horne has no constitutional right to a hearing before the Governor, Munsey v. Clough (1905), 196 U.S. 364, 372, 25 S.Ct. 282, 49 L.Ed. 515, 517 (headnote 1), although he is permitted to seek a hearing before a judge of a

Tennessee court of record, if he states that he desires to test the legality of his arrest under the Governor's warrant. T.C.A. § 40–1020. There, he may present the questions presented here.

In any event, the requirement of 28 U.S.C. §§ 2254(b), (c), that Mr. Horne exhaust his remedies in the courts of Tennessee before applying to this Court, prevents this Court's granting the writ. Exhaustion of state remedies applies to extradition proceedings. Giles v. Merrill, C.A. 10th (1963), 322 F.2d 786, 787[2]; Tickle v. Summers, C.A. 4th (1959), 270 F.2d 848, 850[1].