**Franklin D. HORNE, Petitioner,**

v.

**W. C. WILSON, Sheriff, etc., Respondent.**

**Civ. A. No. 2531.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 19, 1970.

Franklin D. Horne, pro se.

W. Collins Bond, Asst. Atty. Gen., for the State of Tenn., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The respondent, undertaking to show cause under this Court's order of May 28, 1970 why the petitioner Mr. Horne should not be granted the federal writ of habeas corpus, claims: that the petitioner is in custody pursuant to a warrant for his rendition issued by the Governor of Tennessee for the return of Mr. Horne to the commonwealth of Massachusetts; that Mr. Horne is protesting such proceedings through two applications to the Circuit and Criminal Courts of Greene County, Tennessee, respectively, for the state writ of habeas corpus; that Mr. Horne's respective appeals from adverse decisions of the hearing judge as to those applications are now pending in the Court of Criminal Appeals of Tennessee; that no. 40 of those two aforementioned appeals was heard by such intermediate appellate court on April 6, 1970, with no decision having been rendered thereupon by June 5, 1970; that no. 42 thereof will not even be assigned to be heard until the convening of such intermediate appellate court in December, 1970; and, that no circumstances are extant which render the corrective process of Tennessee ineffective to protect the rights of this prisoner.

Noticing its own records judicially, this Court finds that it has ruled:

\* \* \* \* \* \*

Mr. Horne \* \* \* is permitted to seek a hearing before a judge of a Tennessee court of record, if he states that he desires to test the legality of his arrest under the Governor's [rendition] warrant, T.C.A. § 40–1020. There, he may present the questions presented here.

In any event, the requirements of 28 U.S.C. § 2254(b), (c), that Mr. Horne exhaust his remedies in the courts of Tennessee before applying to this Court, prevents this Court's granting the writ. Exhaustion of state remedies applies to extradition proceedings. Giles v. Merrill, C.A.10th (1963), 322 F.2d 786, 787[2]; Tickle v. Summers, C.A.4th (1959), 270 F.2d 848, 850[1]. Horne v. Wilson, D.C.Tenn. (1969), 306 F.Supp. 753, 754–755[2], 755[3].

As this Court understands the various allegations of Mr. Horne, he claims he was arrested as a fugitive from justice on October 7, 1969; that, on the following day, October 8, 1969, he stated that he desired to test the legality of his arrest under the Governor's rendition warrant before a judge of a Tennessee court of record; that on that same day he appeared before the (then) judge of the Court of General Sessions [1] of Greene County, Tennessee, which continued him in custody " \* \* \* for thirty days pending extradition proceedings \* \*." The Court notices judicially that such thirty-day period expired on November 7, 1969.

Mr. Horne claims that his first attack on his detention by the state of Tennessee on October 8, 1969 by application for the state writ of habeas corpus preceded the execution on November 14, 1969 by the Governor of Tennessee of the aforementioned rendition warrant, so that he could not *then* attack the legality of his arrest under the Governor's warrant. He states that, after execution of such warrant, he filed his second application for the state writ of habeas corpus in the Criminal Court of Greene County, Tennessee on December 26, 1969, to test the legality of his arrest under the Governor's warrant as aforesaid.

■■ For Mr. Horne to be held lawfully for extradition, certain jurisdictional facts must be made to appear, and in a habeas corpus proceeding, now that Mr. Horne has been arrested and is held for extradition, judicial inquiry may be made into the existence of those jurisdictional facts. People ex rel. Carr v.

---

1. It is noted, parenthetically and for clarity, that a court of general sessions of Tennessee is not a court of record of Tennessee. Chrisman v. Metropolitan Life Ins. Co. (1942), 178 Tenn. 321, 157 S.W.2d 831, 832 [3].

Murray (1934), 357 Ill. 326, 192 N.E. 198, 94 A.L.R. 1487, 1491 (headnote 7). This Court cannot permit its decision to be influenced by the fact that the extradition proceedings have been delayed beyond the aforementioned thirty-day period, since this was a matter for the consideration only of the Governor of Tennessee. See Dennison v. Christian (1904), 72 Neb. 703, 101 N.W. 1045, affirmed (1906), 196 U.S. 637, 25 S.Ct. 795, 49 L.Ed. 630. All that may be inquired into judicially is the sufficiency of the papers and the identity of the prisoner. If the required jurisdictional facts are found to exist, Mr. Horne is not entitled to a discharge from custody. Oteiza y Cortes v. Jacobus (1890), 136 U.S. 330, 10 S.Ct. 1031, 34 L.Ed. 464, 466 (headnote 2).

It appears from the records before this Court that Mr. Horne was lawfully arrested on October 7, 1969 without a warrant upon reasonable information that he stood charged in the courts of the commonwealth of Massachusetts with a crime punishable by imprisonment for a term exceeding one year, and that he was taken before the judge of the Court of General Sessions of Greene County, Tennessee with all practicable speed.[2] In any event, however, he was committed for 30 days, awaiting extradition. T.C.A. § 40–1005.

■ It appears further therefrom that subsequent to such commitment, and after the arrival of the rendition warrant of the Governor of Tennessee, Mr. Horne was granted a hearing before the judge of the Criminal Court of Greene County, Tennessee, in which he tested, by application for the state writ of habeas corpus, T.C.A. § 40–1020, the legality of his arrest under such warrant. T.C.A. § 40–1020; People ex rel. Carr v. Murray, *supra;* Oteiza y Cortes v. Jacobus, *supra.* In addition, Mr. Horne has re-

quested a hearing before the Governor of Tennessee, prior to his return to the commonwealth of Massachusetts. The Governor may recall his warrant of arrest if he deems it proper, T.C.A. § 40–1017; but, as held earlier by this Court, Mr. Horne has no constitutional right to a hearing before the Governor. Horne v. Wilson, *supra,* 306 F.Supp. at 755[2]. If the Governor grants him a hearing, no judge in Tennessee [3] or court of Tennessee is authorized to release or discharge him, pending the final disposition of the extradition proceeding before the Governor. T.C.A. § 40–1008. The same is true where the alleged fugitive " * * * files a protest * * *". *Idem.*

■ It is no violation of the prisoner's federal right to due process of Tennessee law, if the Governor of Tennessee refuses to grant a fugitive an extradition hearing. Pettibone v. Nichols (1906), 203 U.S. 192, 204, 27 S.Ct. 111, 51 L.Ed. 148, 153 (headnote 2). The only violation of such process may be that the delay in the Court of Criminal Appeals of Tennessee in reviewing Mr. Horne's protest of the instant extradition proceedings is inordinate.

■ Mr. Horne has a right to such appellate review. Cochran v. Kansas (1942), 316 U.S. 255, 258, 62 S.Ct. 1068, 86 L.Ed. 1453, 1455. Inordinate delay in the adjudication of an asserted habeas corpus remedy may work such a denial of due process as to become cognizable in this Court. *Cf.* Smith v. State of Kansas, C.A. 10th (1966), 356 F.2d 654, 656 [6]. Federal respect for state institutions will not be permitted to shield an invasion of the citizen's constitutional rights. Hunt v. Warden, Maryland Penitentiary, C.A. 4th (1964), 335 F.2d 936, 941[3]. If Mr. Horne's obvious remedy is not effective to protect his rights, a federal

---

2. It does not appear whether complaint was made against Mr. Horne under oath, setting forth the ground for the arrest as in T.C.A. § 40–1003. T.C.A. § 40–1004.

3. This Court pretermits the question of whether a United States district judge is a " * * * judge in Tennessee * * *".

court has no choice but to grant relief in this collateral proceeding. Bartone v. United States (1963), 375 U.S. 52, 54, 84 S.Ct. 21, 11 L.Ed.2d 11, 13[4]. "* * * The function of the writ of habeas corpus is to provide applicants '* * * a prompt * * *' remedy. Fay v. Noia (1963), 372 U.S. 391, 401–402, 83 S.Ct. 822, 9 L.Ed.2d 837, 846[6]. Tennessee courts are required to act *instanter* [4] on applications for the writ of habeas corpus. T.C.A. § 23–1808. * * *" Morgan v. State of Tenn., D. C.Tenn. (1969), 298 F.Supp. 581, 583[6, 7].

On the other hand, as also stated by this Court:

    *    *    *    *    *    *

One court cannot determine with facility when the decision of another court can be reasonably expected to be rendered. These decisions are customarily difficult. Especial care must be exercised by appellate courts which report for guidance interpretations of the law. * * *

Morgan v. State, *supra*, 298 F.Supp. at 583.

Mr. Horne protested these extradition proceedings on the day after last Christmas, nearly eight months ago. There is no indication that his appeal will even be assigned for hearing until his protest is approximately one year old. Four months have elapsed since Mr. Horne's first application for the state writ of habeas corpus was heard on review by this same Court of Criminal Appeals of Tennessee, without a decision of the appellate court. This Court knows of no way in which the legality of his detention can be ascertained, except by judicial inquiry. If Mr. Horne is wrongfully detained under the aforementioned rendition warrant of the Governor of Tennessee, this is far too long for him

to remain in custody. This Court cannot anticipate the length of time which will be required for Mr. Horne to obtain an adjudication of his rights under this extradition proceeding in the courts of Tennessee. There is ample authority for this Court to act on this issue instanter. 28 U.S.C. § 2254(d), (e).

█ Withal, the remedy offered this particular petitioner in his present posture by the state of Tennessee is wholly inadequate to protect his rights. *Cf.* United States ex rel. Hill v. Deegan, D.C. N.Y. (1967), 268 F.Supp. 580, 584[1, 2]. Mr. Horne is thus deprived of his federal constitutional right to due process of Tennessee law. Constitution, Fourteenth Amendment.

The federal writ of habeas corpus, therefore, hereby is GRANTED. 28 U.S.C. §§ 2241(a), (c) (3), 2254(a), (b). The application therefor and the return, including exhibits to each, presenting only questions of law, the body of the petitioner need not be presented at a hearing, and this Court proceeds to summarily dispose of this matter as law and justice require. 28 U.S.C. § 2243.

█ It is the contention of Mr. Horne that he is not charged in the commonwealth of Massachusetts with the crime of escape and that, therefore, he is not a fugitive from justice in Massachusetts. Unless the indictment accompanying the requisitional demand of the acting Governor of Massachusetts substantially charges Mr. Horne with the commission of a crime against the laws of Massachusetts, he is entitled to his discharge from his present detention. Munsey v. Clough (1905), 196 U.S. 364, 372, 25 S.Ct. 282, 49 L.Ed. 515, 517. This is tested in accordance with the law of Massachusetts. *Idem.* The indictment charging a criminal offense on which Mr. Horne's extradition is sought

---

4. With the exception of Davidson County, Tennessee, it has not come to the attention of this Court that any court of record of Tennessee gives the required priority to applications for the state writ of habeas corpus as a matter of procedural course. It might be useful, if the Judicial Council of Tennessee would consider suggesting a system of priorities which would enable federal courts to abstain from exercising their concurrent jurisdiction in proceedings of this type.

is sufficient for the purpose, if it is framed substantially in the language of the Massachusetts statute defining the crime. Ex parte Reggel (1885), 114 U.S. 642, 651, 5 S.Ct. 1148, 29 L.Ed. 250, 253, (headnote 2). This must be determined exclusively upon the face of the record. United States v. Pridgeon (1894), 153 U.S. 48, 59–60, 14 S.Ct. 746, 38 L.Ed. 631, 636. An exhibit to the answer and return of the respondent reflects that the rendition warrant on requisition issued for Mr. Horne's arrest and detention upon the charge in a certain indictment of his having commited the crime of escape in such commonwealth. This finding was buttressed by a copy, certified to be authentic, and properly exemplified, of the presentment of a grand jury to the Superior Court, Dedham, County of Norfolk, Massachusetts of June 9, 1967, charging that

\* \* \* \* \* \*

FRANKLIN D. HORNE

\* \* \* \* \* \*

being lawfully imprisoned in a certain penal institution, to wit, Massachusetts Correctional Institution, Norfolk, did break therefrom and escape against the peace of said Commonwealth, and contrary to the form of the Statute in which case made and provided. \* \*

The Court notices judicially, Bowen v. Johnston (1939), 306 U.S. 19, 23, 59 S.Ct. 442, 444, 83 L.Ed. 455, 459 (headnote 2), the following language of the pertinent Massachusetts statute:

C. 268 § 16, Annotated Laws of Massachusetts. Penalty for Escapes or Attempted Escapes from Penal Institutions.

A prisoner who escapes or attempts to escape from any penal institution other than the Massachusetts Correctional Institution, Framingham, or from land appurtenant thereto, or from the custody of any officer thereof or while being conveyed to or from any such institution, may be pursued and recaptured and shall be punished by imprisonment in the state prison for not more than ten years or by im-

prisonment in a jail or house of correction for not more than two and one half years.

The action of the Governor of Tennessee in issuing his rendition warrant on the requisition and demand of the acting Governor of Massachusetts should not be nullified by the courts, unless it conclusively appeared that Mr. Horne is not a fugitive from justice and that its issuance is in plain contravention of the law. The Court finds from the record that the requisite jurisdictional facts appear that Mr. Horne is a fugitive from justice in the commonwealth of Massachusetts, that the extradition papers are in order, and that Mr. Horne is identified properly as the person under such charge in Massachusetts. Accordingly, the petitioner's being DENIED all relief, Rule 58, Federal Rules of Civil Procedure, an order will enter dismissing Mr. Horne's application and REMANDING the custody of the petitioner Mr. Franklin D. Horne to the respondent for delivery to Phillip J. Reilly or his successor as the extradition agent of the commonwealth of Massachusetts herein.