**Dewey Scott FRAZIER, Petitioner,**

v.

**Lewis TOLLETT, etc., Respondent.**

**Civ. A. No. 2679.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 1, 1971.

Dewey Scott Frazier, pro se.

MEMORANDUM OPINION AND
ORDER

NEESE, District Judge.

This is a *pro se* application by the petitioner Mr. Frazier for the federal writ of habeas corpus, in which he claims that he is in custody of the respondent pursuant to the judgments of the Criminal Court of Sullivan County, Tennessee in violation of the federal Constitution. 28 U.S.C. § 2254(a). In gist, the petitioner complains that he was convicted and sentenced wrongfully by such court as both a felon and a habitual criminal

by the same jury and judge. It does not appear from such application that the petitioner has exhausted his state remedies.

The federal writ of habeas corpus cannot be granted, where it does not appear in the application therefor that the constitutional questions presented therein have been ruled upon by the courts of Tennessee. Horne v. Wilson, D.C.Tenn. (1969), 306 F.Supp. 753, 754 [1]. It appears that there are available to Mr. Frazier rights: to appeal his convictions to the Court of Criminal Appeals of Tennessee; to seek, in the event of affirmation of such judgments by that court, certiorari from the Tennessee Supreme Court; and failing there, to proceed under the Tennessee Post-Conviction Procedures Act, T.C.A. §§ 40–3801, et seq., or the Tennessee Habeas Corpus Act, T.C.A. § 23–1801 (see esp. T.C.A. § 40–3808).

Unless the petitioner shall show within 20 days the required exhaustion of his state remedies, this action shall stand

Dismissed. 28 U.S.C. §§ 2254(b), (c); 2243.