211 A.2d 823.

GIACOMO RUGGIERO *vs.* HAROLD V. LANGLOIS, *Warden.*

JULY 16, 1965.

PRESENT: Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This petition for a writ of habeas corpus was brought to secure the release of the petitioner from the allegedly unlawful custody of the respondent warden. It appears therefrom that the petitioner has been in the custody of the respondent since November 17, 1961, when he was committed thereto pursuant to a sentence of ten years imposed by a justice of the superior court after he was found guilty of manslaughter by a jury.

In addition to his petition for the writ, petitioner has filed also a statement of facts, which the court in the circumstances will treat as constituting a part of the petition.

The allegations of the petition and the statement of facts, taken together, allege that he was arrested by the Warwick police late in the evening of March 13, 1959 and was taken to a police station and subjected to a prolonged interrogation by several police officers and the city solicitor concerning the death of a two-year-old child. He further alleges that in the course of this interrogation he was accused by the police of having beaten the child and molested her sexually. On the following day, March 14, he signed a document which contained a transcript of his answers to questions put to him which, he alleges, were of a nature that tended to incriminate him and which subsequently was admitted into evidence. According to the petition, he requested that he be allowed to consult with counsel on several occasions during this interrogation, which requests were denied, and that at no time during the interrogation was he informed that it was his privilege to refuse to incriminate himself. He alleges that he did not consult with counsel until his arraignment on March 15 and that denying him the assistance of counsel and not informing him of his right to remain silent during interrogation violated his constitutional rights and voids his conviction.

The instant petition is but one of many now coming to this court from persons confined in the penal institutions. They are prepared without the assistance of counsel, couched in vague terms, and contain bald assertions that their confinement is pursuant to a judgment of conviction obtained in violation of their constitutional right to due process. We recognize that these petitions in all of the circumstances necessarily leave much to be desired in the matter of framing issues upon which entitlement to the writ will be determined. The court is aware of its obligation to consider such petitions, however vague they may be, and to articulate therefrom a petition setting forth whatever grounds for relief may be derived reasonably from the circumstances and conditions disclosed therein.

We have already had occasion to refer to the need for an orderly procedure in processing petitions for habeas corpus. In *Kimball* v. *Pelosi*, 96 R. I. 429, 192 A.2d 267, we noted that orderly procedure in this respect requires a return by the person having custody of the petitioner, which return is a response to the writ and not to the averments of the petition. Such a return is required by the provisions of G. L. 1956, §10-9-7, and after the filing thereof, the petitioner must be allowed the opportunity to file a responsive pleading thereto in which he may raise issues of fact or law. §10-9-17. In that case in an effort to expedite a final decision with respect to the petition we went on to "treat respondent's memorandum and oral statement as though together they constituted a return and petitioner's oral argument before us as an appropriate pleading in response thereto." In short, when we deem the circumstances to be such as to suggest the need for simplification in the procedure, we will construe the respondent's return as constituting the necessary initial pleading and the petition for relief as constituting a responsive pleading within the meaning of the statute. However, such a simplification of the pleadings does not always result in the framing of basic issues to be heard and determined by the court pursuant to the petition.

In the instant case, by way of example, respondent's return pleads custody of petitioner under a mittimus issued by the superior court, declares the lawfulness of the detention, and in general terms traverses all of the material allegations contained in the petition. The petitioner does not appear to have made any attempt to plead responsively to the allegations of the return. Thereafter, however, respondent, appearing to concede that petitioner was denied the assistance of counsel and was not informed as to his right to remain silent, briefed and argued only the question whether the rule set out in *Escobedo* v. *Illinois*, 378 U. S.

478, may be applied to reverse a judgment of conviction which became final before the decision in *Escobedo*.

In this state of the pleadings this court is confronted with the necessity either of presuming an infringement of petitioner's constitutional rights or dredging the whole record in the cause to determine whether such a deprivation is established by the facts appearing therein. If such violation does not appear in the record, the question remains whether an invasion of constitutional right may be established by evidence extrinsic to the record and, if so, whether a hearing on such issue should be held.

We cannot accept either the proposition that in these cases an impairment of the petitioner's right to due process is to be presumed or that a petitioner, upon filing such a petition, is under no obligation reasonably to inform the court as to whether his entitlement to the relief sought may be determined upon an examination of the facts contained in the record of the cause or require that the court be presented with evidence extrinsic to the record by way of a hearing in which the court would exercise its factfinding power. Our attention has not been directed to any case in which the United States Supreme Court has held that state courts, while passing upon the entitlement of a petitioner to the relief sought, may not require some pleading reasonably sufficient to disclose the manner in which proof of the invasion of the constitutional rights is to be made.

The contrary may well be true. In *Townsend* v. *Sain*, 372 U. S. 293, the court said at page 312: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution. Simply because detention so obtained is intolerable, the opportunity for redress, which presupposes the opportunity to be heard, to argue and present

evidence, must never be totally foreclosed." We interpret this language as requiring that the petitioner establish the unlawfulness of his detention under the federal constitution and requires only that the courts never totally foreclose such petitioner's opportunity to establish the unlawfulness of the detention at a hearing at which he may present evidence. Indeed, as the court further noted: "It is the typical, not the rare, case in which constitutional claims turn upon the resolution of contested factual issues. Thus a narrow view of the hearing power would totally subvert Congress' specific aim in passing the Act of February 5, 1867, of affording state prisoners a forum in the federal trial courts for the determination of claims of detention in violation of the Constitution."

Clearly then there is in the federal courts a forum in which state prisoners may have determined their right to relief by way of habeas corpus. The state courts also constitute a forum in which state prisoners may test the validity of their detention, either by reference to evidence contained within the record or extrinsic thereto. This is not to say that a respondent may not agree that the facts established by the record in a given cause are sufficient to support a finding as a matter of law that the petitioner has been deprived of due process. In this case, however, respondent's return traverses every material allegation contained in the petition, that is, denies that petitioner was denied the assistance of counsel or was not informed of his right to remain silent under interrogation. The pleadings do not disclose, however, whether respondent contemplates proof under the pleading by establishing a waiver of the rights sought now to be enforced.

We turn then to consider the essential facts that must be established in the instant case if this court is to afford petitioner an adequate factual hearing on his entitlement to habeas corpus. His response to the allegations of the re-

turn that his detention is lawful under the mittimus is that the judgment of conviction upon which the mittimus must rest for its validity was obtained by the introduction into evidence of compelled incriminatory statements, the compulsion arising out of the denial of the assistance of counsel and a failure to warn him of his privilege to refuse to incriminate himself. Obviously his claim that he was denied due process must turn upon the establishment as facts that during the extrajudicial proceeding he had been denied counsel and left uninformed as to his right to remain silent.

In ordinary cases it would be necessary to establish these facts by the production of evidence extrinsic to the record. This because ordinarily the record of the judicial proceeding would not disclose such facts unless the court passed upon the voluntariness of the admissions at the time they were offered in evidence. Nowhere in the instant petition does petitioner inform us whether he relies on the content of the record for the establishment of these facts or whether their establishment will require a hearing for the introduction of evidence extrinsic to the record.

It is our opinion that the court properly may require petitioner to amend his petition or to file a further responsive pleading that will disclose whether the court may make such determination on the state of the record in the cause or whether it will be necessary to initiate and carry out an exercise of the fact-finding power of the court to make such determination. This is an important procedural consideration in the light of the practice in this jurisdiction. If these facts may be determined upon the evaluation of the record, this court is in as good a position as the trial court to reach that conclusion after scrutinizing the record. However, if such fact finding must be accomplished by holding a hearing with the reception of evidence extrinsic to the record, this court, which does not sit in continuous session and which maintains no apparatus for the determina-

tion of fact issues by way of an adversary hearing, can hardly afford petitioner a fact-finding procedure that would satisfy the pertinent provisions of the rule stated in *Townsend* v. *Sain, supra,* as to when the federal court must itself engage in a fact-finding hearing by reason of inadequate hearing in the state court.

On the other hand, in this jurisdiction the superior court to all practical purposes is in continuous session, maintains apparatus for the conduct of hearings on fact issues in adversary proceedings, and has jurisdiction to make such determinations in matters relating to the issuance of a writ of habeas corpus. We find inescapable the conclusion that where the circumstances disclose that the rights of a petitioner for the writ must be established in an exercise of the fact-finding power of the court, the adequate fact-finding procedure contemplated in *Townsend* v. *Sain, supra,* will best be supplied by a remand of the cause to that court for such purpose.

There is another important factor bearing upon a determination of the petitioner's right to relief, this being whether the constitutional right of which he now claims to have been deprived was in fact waived by him. The question of waiver is essentially one to be determined in an exercise of the fact-finding power and appropriately by such an exercise in the state court. *Henry* v. *Mississippi,* 379 U. S. 443. It is settled that a waiver of constitutional right will not be presumed, *Moore* v. *Michigan,* 355 U. S. 155, and that such a waiver will not be lightly found. *Fay* v. *Noia,* 372 U. S. 391, 439. Therefore, when in any given case a respondent warden intends to claim such a waiver of constitutional right, it is imperative that he inform the court either in the return or by a special pleading of his allegation that there was a waiver and as to whether such waiver may be established from facts contained in the record of the cause or resort must be had to a hearing at which evidence extrinsic to the record may be adduced.

The decision on this petition is reserved; the respondent may, within thirty days, amend the return to the writ in such manner as he shall deem appropriate and in accordance with this opinion; the petitioner may, within thirty days thereafter, amend his petition in any suitable informal manner that will inform the court whether proof of the alleged denial of his constitutional rights during the extrajudicial interrogation on March 14 requires the production of evidence other than the matters set out in the record of the judicial proceedings; and jurisdiction is retained.

*Giacomo Ruggiero* pro se, petitioner.

*J. Joseph Nugent*, Attorney General, *Corinne P. Grande*, Special Counsel, for respondent.