### March 15, 1978

M. P. No. 76-452. GERALD BAKER, *et al.* *v.* WILLIAM E. LAURIE, JR., *Warden.* This case originally came before the court on a petition for a writ of habeas corpus. Petitioners challenged their detention on rendition warrants

issued by the Governor of Rhode Island. The requests submitted by the Governor of Massachusetts alleged that petitioners were charged with the crime of murder in Massachusetts.

In *Baker* v. *Laurie*, 118 R.I. 539, 375 A.2d 405 (1977), we considered petitioners' claim that denial of an opportunity to cross-examine the police officer who testified at the habeas corpus proceeding in the Superior Court regarding the voluntariness of confessions allegedly made by the petitioners, constituted a violation of their right to due process.

We concluded in *Baker* v. *Laurie*, 118 R.I. at 545, 375 A.2d at 408, that petitioners did have the right to cross-examine the police officer regarding factors surrounding the alleged confessions. However, we held that, because of the nature of a habeas corpus proceeding, the evidence elicited during this cross-examination did not affect the admissibility of the confessions, but went only to the weight given the officer's testimony by the trier of fact in determining whether petitioners were present or absent from the demanding state at the time of the crime. *Id.*

We retained jurisdiction of the petition but, because we are at a disadvantage where further testimony is required, we remanded the case to Superior Court for an evidentiary hearing at which petitioners could exercise their right to cross-examine the police officer regarding the circumstances of the alleged confessions. 118 R.I. at 546, 375 A.2d at 409. That hearing having been completed, we now consider petitioners' application for the writ.

It is well settled in this jurisdiction that a rendition warrant regular on its face is prima facie proof of every jurisdictional fact alleged. *Brown* v. *Sharkey*, 106 R.I. 714, 718, 263 A.2d 104, 107 (1970). It is also well settled that one who seeks discharge by habeas corpus on the ground that he was not in the demanding state at the time of the alleged crime has the burden of proving absence by clear and convincing

evidence. *South Carolina* v. *Bailey*, 289 U.S. 412, 421-22, 53 S. Ct. 667, 671, 77 L. Ed. 1292, 1297 (1933). After reviewing the testimony in the instant case; we conclude that the alibi evidence presented by the petitioners was at most contradictory, and, therefore, insufficient to overcome the presumption that the petitioners were in Massachusetts at the time of the crime. *See Munsey* v. *Clough*, 196 U.S. 364, 375, 25 S. Ct. 282, 285, 49 L. Ed. 515, 518 (1905).

The petition for a writ of habeas corpus is denied and dismissed. *Paul J. DiMaio, Harris L. Berson*, for petitioners. *Julius C. Michaelson*, Attorney General, *Nancy Marks Rahmes*, Special Assistant Attorney General, for respondent.