STATE

v.

**Carl Stephen ROSATI.**

**No. 91–345–M.P.**

Supreme Court of Rhode Island.

July 30, 1991.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

John F. Cicilline, Providence, for defendant.

## OPINION

PER CURIAM.

This case comes before us on a petition for habeas corpus filed by Carl Stephen Rosati (petitioner). The petitioner was indicted for the murder and robbery of Joseph John Viscido (Viscido) by a grand jury of the county of Broward, and the State of Florida. A governor's warrant was issued from Florida demanding of the Governor of Rhode Island that the petitioner be rendered for trial in the State of Florida, in accordance with Article IV, section 2, clause 2, of the Constitution of the United States, which reads as follows:

"A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

Pursuant to this demand, the Governor of the State of Rhode Island issued his warrant ordering petitioner to be detained and delivered to representatives of the State of Florida, to be returned to that state for trial on the indictment. The petitioner filed a petition for habeas corpus in the Superior Court of Rhode Island pursuant to the provisions of G.L.1956 (1981 Reenactment) chapter 9 of title 12, the Uniform Criminal Extradition Act.

The petition for habeas corpus was heard by a justice of the Superior Court over a period of more than six months on twenty separate dates. At the conclusion of the hearings, on June 28, 1991, the justice found that conflicting evidence existed and that under the tests set forth in *South Carolina v. Bailey*, 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292 (1933), and *Baker v.*

*Laurie*, 118 R.I. 539, 375 A.2d 405 (1977), petitioner failed to sustain the burden of proving that he was not in the demanding state on October 12, 1986, the date upon which the crime was allegedly committed. Pursuant to principles set forth in *Baker v. Laurie* the hearing justice found that there was conflicting evidence and that, therefore, petitioner must be surrendered.

The petitioner has requested that this court hold an evidentiary hearing to determine the factual issues raised by this petition de novo. It is well settled that this court has been an appellate tribunal since the founding of the Superior Court in 1905. It is not our function to take testimony and act as a court of nisi prius. This request is particularly inappropriate in light of the fact that twelve volumes of transcript have been furnished to us by the Superior Court.

Although we have said in *Baker v. Laurie* that we consider a petition for habeas corpus de novo, this does not mean that we hear testimony from witnesses who appear before us. We pointed out in *Lonardo v. Langlois*, 98 R.I. 493, 205 A.2d 19 (1964), that when an evidentiary hearing should be required, we would have recourse to the Superior Court and its factfinding capacities. Such factfinding had already been accomplished before this petition came to us.

The petitioner requested in the alternative that we review the testimony that had been presented in the Superior Court in order to determine whether the hearing justice was in error in finding that petitioner had failed to sustain the burden of proof in order to establish that he was not in the demanding state on the date of the alleged crime. We have carefully reviewed the record in this case and conclude that the trial justice was not in error in so finding.

Although petitioner presented over twenty witnesses, very few of these witnesses purported to testify concerning the whereabouts of petitioner on October 12, 1986. The petitioner and Diane Beauchemin gave testimony that could be construed as placing petitioner in Rhode Island on the evening that the crime was allegedly commit-

ted. All other witnesses gave testimony that was at best equivocal on this point.

The petitioner's sister did testify that her brother picked her up along with her husband at Green Airport on the evening of October 11, 1986, on their return from Italy.

An assistant attorney general acting on behalf of the State of Florida presented Detective Steven Wiley, who was in charge of the Florida investigation. Detective Wiley had taken statements from a number of eyewitnesses who had identified petitioner as one of the participants in the robbery and murder. In addition to Detective Wiley's testimony concerning these statements, the prosecution presented affidavits from a number of persons who stated under oath that they had seen petitioner in Florida on the evening of October 12, 1986. The state also introduced an affidavit of an assistant state attorney for Florida that authenticated a transcript of a plea taken from one Peter Dallas before a judge of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County. As part of a plea colloquy, Dallas admitted that he had been with Carl Stephen Rosati in Deerfield Beach, Florida, on the night of October 12, 1986, and that he, along with petitioner, committed robbery in the victim's apartment and that petitioner shot and killed Viscido on October 12, 1986.

■ Although this evidence constituted hearsay, it was fully admissible and entitled to credence in an extradition or rendition proceeding. *Salvail v. Sharkey*, 108 R.I. 63, 271 A.2d 814 (1970). Extradition proceedings "are summary in nature, and the accused is not entitled to the procedural protections afforded a defendant in a criminal trial." *Id.* at 70, 271 A.2d at 818. Similarly, the strict rules of evidence are not applicable in such a proceeding. *Id.*

■ The Supreme Court of the United States has recently held in *Puerto Rico v. Branstad*, 483 U.S. 219, 107 S.Ct. 2802, 97 L.Ed.2d 187 (1987), that the executive of a responding state has a ministerial duty to extradite a person who is accused of a crime in another state, territory, or commonwealth and that such executive has no discretion to refuse. It is recognized that one who is accused of a crime in another state may seek a judicial hearing on a petition for habeas corpus to a limited extent. *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). In that case the Court held that interstate extradition was intended to be a summary and mandatory executive proceeding. The Court went on to observe that a governor's warrant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide "(a) whether the extradition documents on their faces are in order, (b) whether the petitioner has been charged with a crime in the demanding state, (c) whether the petitioner is the person named in the request for extradition, and (d) whether the petitioner is a fugitive." *Id.* at 289, 99 S.Ct. at 535, 58 L.Ed.2d at 527. In *Michigan v. Doran* the Court held that the Supreme Court of Michigan was in error in not accepting a judicial determination of probable cause even though couched in conclusory terms by an Arizona justice of the peace.

■ In the case at bar all the elements set forth in *Michigan v. Doran* were established beyond question save the issue of petitioner's presence in the demanding state on October 12, 1986. On this issue, in addition to the testimony of Detective Wiley and the affidavit evidence referred to above, Florida presented a live witness, Richard Sorrentino, who identified petitioner in open court as having been at the scene of the crime. The petitioner challenges this testimony as being unworthy of belief because of favorable treatment given to Sorrentino in respect to charges pending against him in the State of Florida. We have reviewed the cross-examination of Sorrentino as well as his direct testimony and find that he admitted on cross-examination that his testimony in respect to petitioner would, he hoped, procure him sympathetic treatment from the Florida authorities. It is not unusual for prosecutorial authorities to obtain testimony from those

accused with criminal conduct under the expectation, whether expressed or implied, of favorable treatment.

In essence petitioner has sought to turn this case into a plenary trial of guilt or innocence. He has asserted an alibi defense. It may well be that if he was being tried in this state, his alibi defense might be effective in challenging the state's burden of proof of guilt beyond a reasonable doubt. However, in an extradition proceeding the burden of proof is reversed. This court and the Superior Court are forbidden to try the guilt or innocence of the accused. *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).

Relying upon our review of the evidence in this case, we conclude that petitioner has failed to prove either by clear and convincing evidence or certainly beyond a reasonable doubt that he was not in the demanding state on the date of the alleged crime. Consequently the hearing justice was correct in determining that his person must be rendered to representatives of the State of Florida for his return to that jurisdiction for trial.

For the reasons stated, the petition for habeas corpus is denied. The stay heretofore granted of the order of the Superior Court is vacated, and the papers in the case may be remanded to the Superior Court for execution of the order of rendition.