**Supreme Court**
No. 2019-183-Appeal.

Real Property Management, Agent   :
    for Widgeon Partners, LLC

         v.            :

Rasharn Young.        :

**O R D E R**

The defendant, Rasharn Young, appeals from a February 7, 2019 judgment of the Providence County Superior Court in favor of the plaintiff, Real Property Management (RPM) as agent for Widgeon Partners, LLC, in this trespass and ejectment action. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

RPM acts as the property manager for Widgeon Partners, LLC, which owns real property located at 171 Garden Street in Pawtucket, Rhode Island. RPM entered

into a rental agreement with Mr. Young for Unit 3 at the 171 Garden Street property. There is a history of contentious relations between RPM and Mr. Young over second-hand smoke that Mr. Young contends was coming into his apartment even though smoking is not allowed in the building. In the particular phase of this ongoing conflict with which we are concerned in this appeal, Mr. Young opted not to pay his rent for November of 2018 (Mr. Young would subsequently also fail to pay his rent for December of 2018). On November 27, 2018, RPM filed a complaint in the District Court for eviction due to non-payment of rent. Mr. Young answered, contending that his apartment was not maintained in a fit and habitable condition, and he counterclaimed for "pain and suffering caused by the landlord not doing anything about the [cigarette] smoke entering [his] apartment." A trial ensued in the District Court, and RPM prevailed.

On December 7, 2018, Mr. Young appealed to the Superior Court, where a *de novo* trial was held on January 4, 2019. Mr. Young, a representative from RPM, and a neighbor of Mr. Young testified at that trial. At the close of the trial, the trial justice issued a bench decision in RPM's favor. On February 7, 2019, the trial justice entered judgment in favor of RPM for possession of the premises and back rent; he also dismissed Mr. Young's counterclaim. Mr. Young has appealed that judgment to this Court.

On appeal before this Court, Mr. Young filed a one and a half page prebriefing statement pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure. In that statement, he contends that he did not receive a fair trial and that evidence which had been introduced in a previous legal controversy between these parties relative to the same general subject, in which Mr. Young prevailed, was not admitted in this case. Mr. Young expresses surprise that he could prevail in a previous legal controversy, which also arose with respect to alleged second-hand smoke in his apartment and not prevail in this case. He further avers that he has newly obtained video evidence which shows that the neighbor who testified at his trial was not being truthful in her testimony.

However, nowhere in the course of relating those contentions does Mr. Young provide any developed argument or explanation of his allegations. He fails to provide even a single citation to the record in the case or a single citation to any legal source. As such, Mr. Young has clearly waived his arguments before this Court. *See Broccoli v. Manning*, 208 A.3d 1146, 1149 (R.I. 2019) ("This Court generally deems an issue waived when a party simply states an issue for appellate review, without a meaningful discussion thereof.") (internal quotation marks omitted); *Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1131 n.1 (R.I. 2002) ("Simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing

on the legal questions raised, and therefore constitutes a waiver of that issue."); *see also In re McKenna*, 201 A.3d 952, 952 (R.I. 2019) (mem.).

What is more, in light of the purportedly newly obtained video evidence, Mr. Young asks this Court to "rehear" his case and award him damages in the amount of $1,875 as well as reimbursement for the cost of court transcripts. That is simply not relief which this Court can provide. It is not the function of this Court to "rehear" a case or consider new evidence not presented in the Superior Court. *See State v. Rosati*, 594 A.2d 885, 886 (R.I. 1991) (per curiam) ("It is well settled that this [C]ourt has been an appellate tribunal since the founding of the Superior Court in 1905. It is not our function to take testimony and act as a court of nisi prius.").

Accordingly, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.

Entered as an Order of this Court this 26th day of March, 2021.

By Order,

_____/s/_____
Clerk

- 4 -



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Real Property Management, Agent for Widgeon Partners, LLC v. Rasharn Young. | |
| **Case Number** | No. 2019-183-Appeal.<br>(PD 18-8874) | |
| **Date Order Filed** | March 26, 2021 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Luis M. Matos | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Arthur S. Russo, Jr. | |
| | For Defendant:<br><br>Rasharn Young, Pro Se | |