**Supreme Court**
No. 2019-424-Appeal.

Vincent R. Coccoli, Sr.    :

v.    :

Town of Scituate et al.    :

## O R D E R

This case ultimately stems from the attempt of the plaintiff, Vincent R. Coccoli, Sr., to develop the Hope Mill Property in Scituate, Rhode Island. This Court has previously addressed several aspects of this case in *Coccoli v. Town of Scituate Town Council*, 184 A.3d 1113 (R.I. 2018), and we refer the interested reader to that opinion for a detailed recitation of the background facts. In the appeal presently before us, Mr. Coccoli purports to appeal from a January 8, 2019 Superior Court decision granting the defendants'[1] motion for summary judgment on his breach of contract claim; a separate January 8, 2019 decision denying Mr. Coccoli's

---

[1]    The defendants in this action are as follows: Town of Scituate, Town Council; and individually Charles Collins, Jr., John F. Winfield, David B. Campbell, Brenda Frederickson, and Kathleen Knight-Bianchi; David E. Provonsil individually and in his capacity as Town of Scituate Building Official; and Theodore Richard III, individually and in his capacity as president of Hope Associates, a member of the Hope Sewer District Committee, and previous president of the Scituate Town Council.

motion to amend his complaint; and a July 31, 2019 decision denying what Mr. Coccoli characterized as a motion for reconsideration. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.

We note initially that the first two decisions from which Mr. Coccoli purports to appeal and the final judgment that followed were not appealed in a timely fashion. The record reflects that, on January 8, 2019, the hearing justice in this case issued a decision granting summary judgment to defendants on the breach of contract claim (which was the only remaining claim in the case); and, on the same day, the hearing justice issued a separate decision denying Mr. Coccoli's motion to amend his complaint. Final judgment entered in defendants' favor on January 22, 2019. Mr. Coccoli filed his notice of appeal on August 1, 2019—well beyond the required twenty days within which to file a timely notice of appeal. *See* Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure. Accordingly, any arguments he makes on appeal with respect to those two January 8, 2019 decisions and the January 22, 2019 final judgment (or any other earlier decisions not the subject of this appeal) are not properly before this Court. *See Iozzi v. City of Cranston*, 52 A.3d

585, 588 (R.I. 2012) ("It is well settled that the time specified in Rule 4(a) is mandatory, and that once the prescribed time has passed there can be no review by way of appeal.") (internal quotation marks omitted). Our opinion as to our appellate jurisprudence regarding those two decisions is not swayed by the fact that Mr. Coccoli filed what he characterized as a motion for reconsideration. *See Turacova v. DeThomas*, 45 A.3d 509, 515 (R.I. 2012) ("Neither a Rule 60 motion nor a motion to reconsider may serve as a substitute for a party's failure to file a timely appeal.").

As such, the only issue properly preserved for appeal is Mr. Coccoli's appeal from the denial of his just-referenced motion for reconsideration. The docket in this case reflects the fact that, on May 28, 2019 (several months after final judgment entered on January 22, 2019), Mr. Coccoli filed a motion for reconsideration and a submission of new evidence (to which he attached documents he deemed to be pertinent). He also filed a supplemental motion with additional purportedly new evidence. A hearing on his motion was held on June 10, 2019. On July 31, 2019, the hearing justice issued a written decision, in which he treated the motion for reconsideration as a motion to vacate under Rule 60(b) of the Superior Court Rules of Civil Procedure. He denied the motion, holding that Mr. Coccoli "failed to demonstrate that with due diligence he could not have discovered his newly submitted evidence." We review that decision under the abuse of discretion

standard.  *See, e.g.*, *Greenfield Hill Investments, L.L.C. v. Miller*, 934 A.2d 223, 224 (R.I. 2007) (mem.).

Mr. Coccoli's main contention on appeal appears to be that the hearing justice "ignor[ed]/overlook[ed]" a particular piece of evidence—*viz.*, an audio recording of a closed session meeting of the Town Council.  However, in our judgment, the simple fact that the hearing justice did not specifically make reference to the audio recording in his decision, but rather referred globally to the large quantity of purportedly new evidence, is not an indication that he overlooked the audio recording.

Furthermore, "[u]nder Rule 60(b)(2) of the Superior Court Rules of Civil Procedure and our previous caselaw, a motion to vacate a judgment should not be granted on the grounds of newly discovered evidence unless (1) the evidence is material enough that it probably would change the outcome of the proceedings and (2) the evidence was not discoverable at the time of the original hearing by the exercise of ordinary diligence." *Medeiros v. Anthem Casualty Insurance Group*, 822 A.2d 175, 178 (R.I. 2003) (internal quotation marks omitted).  In this case, the hearing justice concluded that Mr. Coccoli had failed to demonstrate that he could not have discovered the purportedly new evidence through the exercise of ordinary diligence.  Our thorough review of the record and of Mr. Coccoli's contentions on appeal lead us to the ineluctable conclusion that the hearing justice in the instant case

did not abuse his discretion in so finding and in denying what Mr. Coccoli characterized as a motion for reconsideration.

We deem it necessary to add that it is not the function of this Court to scrutinize and weigh any of the evidence referenced in Mr. Coccoli's supplemental filing with this Court, which evidence may or may not have been introduced before the Superior Court. Similarly, the judgment which Mr. Coccoli seeks pursuant to his supplemental filing—*viz.*, the entry of judgment against the defendants and the award of damages—is not relief which this Court may provide. *See State v. Rosati*, 594 A.2d 885, 886 (R.I. 1991) (per curiam) ("It is well settled that this [C]ourt has been an appellate tribunal since the founding of the Superior Court in 1905. It is not our function to take testimony and act as a court of nisi prius.").

As such, we affirm the decision of the Superior Court. The record may be returned to that tribunal.

Entered as an Order of this Court this 2nd day of June, 2021.

By Order,

_____
/s/
Clerk

- 5 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Vincent R. Coccoli, Sr. v. Town of Scituate et al. | |
| **Case Number** | SU-2019-424-Appeal. (PC 15-3539) | |
| **Date Order Filed** | June 2, 2021 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Brian P. Stern | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Vincent R. Coccoli, Pro Se | |
| | For Defendants:<br><br>Allen C. Harrington, Esq.<br>Michael A. DeSisto, Esq. | |