THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD HAMILTON, Defendant-Appellant.

Third District   No. 3—83—0413

Opinion filed October 31, 1983.

Robert Agostinelli and Thomas A. Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Patricia Hartmann, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant was charged with attempted murder in Mississippi.

In response to a demand for the extradition of the defendant filed by the Governor of Mississippi, the Governor of Illinois issued an extradition warrant pursuant to the Illinois Uniform Criminal Extradition Act (Ill. Rev. Stat. 1981, ch. 60, par. 18 *et seq.*). In order to block the extradition, the defendant petitioned the trial court for a writ of *habeas corpus*, which was denied. The defendant appeals and states the issue as follows:

> "Whether the trial court erred in denying the defendant relief in this extradition proceeding where a right of the defendant to petition the Governor to refuse to extradite should have been recognized and the defendant was denied due process by not being advised of his right so that it could be exercised."

██ █ The right of a prisoner to petition the Governor to refuse to extradite is not granted by either the United States Constitution or the Illinois Constitution. (*People ex rel. Abeles v. Elrod* (1975), 27 Ill. App. 3d 155, 161, citing *Munsey v. Clough* (1905), 196 U.S. 364, 49 L. Ed. 515.) The Uniform Criminal Extradition Act, likewise, does not bestow such a right upon the demanded person. However, the defendant asks this court to recognize the right to petition the Governor in an extradition proceeding because the Illinois Agreement on Detainers (Ill. Rev. Stat. 1981, ch. 38, par. 1003—8—9) allows such a right. The defendant supports this proposition with our decision in *People v. Koren* (1983), 114 Ill. App. 3d 421. The *Koren* holding, however, does not cover this situation. *Koren* dealt with a prisoner's rights under the Agreement on Detainers, whereas the instant case arises under the Uniform Criminal Extradition Act, a distinctly separate statutory proceeding. Indeed, the law found in the Agreement on Detainers could not be applicable to the defendant because the demanding State, Mississippi, is not a party State to this interstate act and is unable to avail itself of its provisions.

In *Koren*, this court recognized that a prisoner who has a detainer lodged against him pursuant to the Agreement on Detainers retains the rights afforded him under the Uniform Criminal Extradition Act, including a pretransfer hearing. This court also held that, at the hearing, the prisoner could raise the issue of the State's failure to notify the prisoner of his right to petition the Governor to disapprove of the transfer. It is the defendant's reasoning that if this court held, in *Koren*, that a prisoner facing transfer under the Agreement on Detainers is afforded protections given prisoners facing extradition, then this court should hold, in the instant case, that a prisoner facing extradition should be afforded the protections given prisoners under the Agreement on Detainers, which include the right to petition the Gov-

ernor and the right to be notified of the right to petition. This is an interesting analysis. But, we do not subscribe to it.

■■■ In an extradition pretransfer hearing, the scope of the trial court's inquiry is limited to issues which relate to the procedures implemented and executed by the asylum State *pursuant to the Uniform Criminal Extradition Act.* The *Koren* decision recognized that, as in the extradition-type proceeding under the Agreement on Detainers, the demanded person must be given an opportunity to raise issues which relate to the procedures implemented and executed by the asylum State *pursuant to the Agreement on Detainers.* The *Koren* court held that the defendant had a right to petition the Governor because the Agreement on Detainers specifically and explicitly granted the right. The *Koren* court did not read into the Agreement on Detainers the provisions of the Uniform Criminal Extradition Act. *Koren* simply defines the scope of a court's inquiry under the Agreement on Detainers. Likewise, this court, in the instant case, will not read into the Uniform Criminal Extradition Act rights which are only found in the Agreement on Detainers. The Uniform Criminal Extradition Act does not give a demanded person the right to petition the Governor. In light of the absence of a statutory or constitutional right, we hold that the defendant did not have a right to petition the Governor to refuse to extradite. Consequently, the State was under no obligation to notify the defendant of a right which he did not have.

For the reasons set forth above, the decision of the trial court is affirmed.

Affirmed.

STOUDER, P.J., and ALLOY, J., concur.