THOMAS W. MANNING

v.

COMMONWEALTH OF VIRGINIA

No. 0778-85

Argued July 24, 1985

Decided September 3, 1985

COUNSEL

John R. Fletcher (Lynwood A. Wells and Tavss & Fletcher, P.C., on brief), for appellant.

William F. Rutherford, Commonwealth Attorney, for appellee.

OPINION

**BARROW, J.**—This is an appeal of a denial of a petition for a writ of habeas corpus from a prisoner held under a governor's warrant issued in response to a requisition for extradition.[1] The appellant, Thomas W. Manning (Manning), contends that the trial court erred in not hearing evidence to determine whether he was in New Jersey, the demanding state, at the time the crimes he is charged with were committed. We conclude that the trial court did not err.

Manning's contention relies on the authority of a court in an asylum state to determine whether a petitioner seeking release on habeas corpus is a "fugitive." *Michigan v. Doran,* 439 U.S. 282, 289 (1978). Since a "fugitive" is one who leaves the demanding state "after having incurred guilt there," *Strassheim v. Dailey,* 221 U.S. 280, 285 (1911), Manning argues that the habeas court must determine whether he was in New Jersey at the time the crime was committed.

According to affidavits admitted into evidence in this proceeding, a New Jersey state trooper was shot and killed on December 21, 1981, after stopping a blue Chevrolet Nova in Knowlton, New Jersey. A passerby had seen someone exit the Chevrolet and fire numerous shots in the direction of the trooper, who had fallen to the ground. The driver and a passenger fled in the Chevrolet which was later found, bullet-damaged, about seven miles from the homicide scene.

---

[1] Interstate extradition finds its source in the United States Constitution. Clause 2 of section 2, article IV provides:

"A person charged in any state with treason, felony or other crime, who shall flee from justice, and be found in another state, shall on demand of the exective authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

The constitutional mandate is implemented by the Uniform Criminal Extradition Act, Code §§ 19.2-85 to 118.

A bullet jacket identified as having been fired by the trooper's revolver was found in the Chevrolet. Latent fingerprints, later identified as Manning's, were found on items in the automobile and on the automobile's fender. A driver's license, bearing a name other than Manning's but bearing Manning's photograph, was found on the automobile's dashboard. Although the vehicle was registered in a name other than Manning's, a witness identified Manning as its owner.

Several hours after the homicide, a collect telephone call to Manning's residence in Pennsylvania was made from a public telephone booth approximately one-quarter mile from the abandoned automobile. Shortly after the homicide, Manning, his wife and their children abandoned their residence, leaving behind their dog and numerous household items.

Manning's counsel proffered a description of the evidence he would have presented on behalf of Manning. Manning's wife would have testified that she and Manning were at their home in Marshall's Creek, Pennsylvania, the entire day on which the homicide occurred. Manning's landlord would have testified that Manning and his wife were living at their residence in Marshall's Creek, Pennsylvania, on the day the homicide occurred. He also described the anticipated testimony of the officer in charge of the investigation in New Jersey which suggested weaknesses in the demanding state's evidence.

Manning's evidence attempted to contradict the evidence of the demanding state by relying on an alibi. However, a habeas court in an asylum state cannot discharge one who has been arrested under a governor's warrant "where there is merely contradictory evidence on the subject of presence in or absence from the State, as *habeas corpus* is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused." *Munsey v. Clough,* 196 U.S. 364, 375 (1905); *see also South Carolina v. Bailey,* 289 U.S. 412, 421 (1933); *Pakulski v. Hickey,* 731 F.2d 382, 389 (6th Cir. 1984). Only "when it is conclusively proved that no question can be made, that the person was not within the demanding state when the crime is said to have been committed. . . ." is he to be released. *South Carolina v. Bailey,* 289 U.S. at 421 (quoting *Munsey v. Clough,* 196 U.S. at 375).

Therefore, even if Manning's evidence had been formally introduced, the habeas court could not have granted Manning's petition and released him. Thus the error, if any, was harmless, and the judgment will be affirmed.

*Affirmed.*

Baker, J., and Moon, J., concurred.