## CIRCUIT COURT OF LOUDOUN COUNTY

Jaime Traverso

v.

John R. Isom, Sheriff

December 19, 1988

Case No. (Law) 10142

## By JUDGE THOMAS D. HORNE

This matter is before the Court on a Petition for a Writ of Habeas Corpus challenging Petitioner's extradition to the State of Maryland pursuant to a Governor's Warrant issued on October 26, 1988. Petitioner has requested a plenary hearing.

The Court finds that a warrant has been issued which conforms to the requirement of § 19.1-92, Code of Virginia, and has been duly served on the Petitioner. Based upon the affidavits filed, the Court finds that a plenary hearing is not necessary to a determination of the issue raised concerning the Petitioner's "fugitive status." The affidavits submitted by the Petitioner only raise an issue of credibility to be determined in the trial of the underlying charge in the State of Maryland. Furthermore, while these statements relate to the weight to be given to the evidence submitted by the Commonwealth, they do not address directly the question of Petitioner's fugitive status in the State of Maryland. This case is governed by the general rule that:

> a habeas court in an asylum state cannot discharge one and who has been arrested under a governor's warrant where there is merely contradictory evidence on the subject of presence in or absence

from the State, as *habeas corpus* is not the proper proceeding to try the question of alibi, or any question as to guilt or innocence of the accused . . . and . . . only "when it is conclusively proved that no question can be made, that the person was not within the demanding state when the crime is said to have been committed . . ." is he to be released. *Manning v. Commonwealth*, 1 Va. App. 60, 62 (1985) (authorities omitted).

A Governor's factual finding as to a person's fugitive status may not be set aside unless it appears "conclusively" that such person could not be a fugitive. *Arebaugh v. Dalton, et al.*, 600 F. Supp. 1345 (E.D. Va. 1985). This determination by the Governor has been described as essentially a judicial function. *Arebaugh, supra.*

Therefore, the Court will deny the relief sought and dismiss the Petition. The delivery of the Petitioner will be stayed pending any appeal which the Petitioner may seek in this case and further order of this Court or of a court to which this case may be appealed.